COMER, administratrix, v. ROSS, administrator.

An order allowing extra compensation to a temporary administrator and discharging him from the trust relates to matters falling within the jurisdiction of the court of ordinary, and is, therefore, the subject-matter of an appeal to the superior court.

Submitted February 25,—Decided March 22, 1897.

Dismissal of appeal.  Before Judge Felton.  Bibb superior court.  April term, 1896.

*James A. Thomas*, for plaintiff in error.
*James L. Anderson*, contra.

LUMPKIN, Presiding Justice.

The ordinary, under our laws, is an official charged with the performance of duties judicial, ministerial and clerical. Not by his title, but only by his acts, can the exact capacity in which he appears ever be known upon any special occasion.  In admitting a will to probate, he acts as a judicial officer, the subject-matter being one over which the court of ordinary has jurisdiction, and he being by law its presiding judge.  Civil Code, §§4232, 4218.  In issuing a marriage license, he for the moment becomes a ministerial officer.  §4250, par. 3.  He is also ex officio his own clerk, and labors under a weight of clerical duties almost too numerous to mention.  §§4247, 4248.

There are instances in the Civil Code, almost without number, where it is declared that jurisdiction undoubtedly appertaining to the "court of ordinary" shall be exercised by the "ordinary."  The constitution expressly says that the powers of a court of ordinary and of probate shall be vested in an ordinary, from whose decision there may be an appeal to the superior court.  §5852.  Section 4251 provides that the several courts of ordinary shall be held in each county by the ordinary thereof; and section 4262 speaks of that court as "his court."

The matters passed upon by the ordinary in the present case were surely such as fall within the jurisdiction of the court of ordinary; and therefore we must conclude that he was acting in a judicial capacity, and that his decision was properly the subject-matter of an appeal to the superior court. Certainly, fixing the amount of extra compensation to be allowed a temporary administrator, granting an order for same, and discharging him from the trust, were in no sense executive, ministerial or clerical functions. Accordingly, it was the right of the parties at interest who were dissatisfied with the action of the ordinary in these matters to have the same reviewed by appeal; this, and not certiorari, being the remedy distinctly provided by law for correcting errors committed by the court of ordinary. Civil Code, §§4454, 4466; and 5852 supra.

*Judgment reversed. All the Justices concurring.*