## MALOY, administrator, *v.* MALOY *et al.*

HOLDEN, J.  1.  A decision of the court of ordinary, overruling objections to the application of an administrator or guardian for a discharge, and granting such discharge, is one from which an appeal will lie to the superior court, though no issue of fact be involved.  Civil Code, §§ 4454, 5852.  *Comer* v. *Ross*, 100 *Ga.* 652 (28 S. E. 387).

(*a*)  A bond given to enter such appeal, reciting the names of the parties, the character of the case, the judgment of the court and the term at which it was rendered, is not invalid because the appellants and their sureties in such bond acknowledge themselves bound generally instead of to the appellee.  *Smith* v. *Jackson*, 122 *Ga.* 856 (50 S. E. 930).

(*b*)  Such bond is not void because the parties thereto acknowledge themselves bound for the "eventual condemnation-money in said case," instead of "such further costs as may accrue by reason of such appeal."

2.  Where the domiciles of a guardian and his ward are in a county to the court of ordinary of which such guardian has been making his returns, and the portion of the county in which they are domiciled is carved therefrom and embraced in a new county formed under the act of the General Assembly approved August 21, 1905 (Acts 1905, pp. 46-52), the guardian has an option, under section 7 of such act, to change the jurisdiction over him as guardian to the court of ordinary of the new county; but if he does not exercise such option and transfer the jurisdiction, it remains as it was before such new county was formed.          *Judgment reversed.  All the Justices concur.*

Submitted April 7,—Decided November 19, 1908.

Appeal.  Before Judge Spence.  Decatur superior court.  November 14, 1907.

*R. G. Hartsfield,* for plaintiff in error.

*Ledford & Terrell,* contra.