### 4584.　J. M. HIGH COMPANY *v.* GEORGIA RAILWAY & POWER COMPANY.

An answer to a certiorari must be filed on the first day of the term to which it is made returnable, unless further time be given. After the adjournment of the term it is too late to pass an order allowing further time within which to file the answer. It is the duty of the plaintiff in certiorari, during the first term, to discover that no answer has been filed, and to take an order requiring it to be filed within some specified time.

DECIDED MARCH 18, 1913.

Certiorari; from Fulton superior court—Judge Pendleton. November 18, 1912.

*J. E. & L. F. McClelland,* for plaintiff in error.

*C. B. Rosser Jr., Colquitt & Conyers,* contra.

POTTLE, J. A writ of certiorari directed the magistrate to answer at the September term. No answer was then filed, nor any order then taken extending the time. During the November term, on November 16, the case was called. By request of counsel for the plaintiff in certiorari the case was set down for November 18, over objection of counsel for the defendant in certiorari, who moved orally to dismiss the certiorari because no answer had been filed at the September term. On November 20 the judge of the superior court, on motion of the plaintiff in certiorari, granted an order requiring the magistrate to answer by the following day. On November 21 the case was again called, and it was discovered that the magistrate had filed his answer on November 18. Thereupon the defendant in certiorari moved to dismiss the certiorari, because the answer was not filed within the time required by law, and because no order had been taken allowing the filing of the answer on November 18. The motion was overruled and the certiorari was sustained; and the defendant in certiorari excepted.

In ordinary cases the defendant must file his answer within the time required by law, or incur the penalty of his failure to do so. In certiorari cases the answer of the magistrate "shall be filed on the first day of the term to which it is returnable, unless further time be given." Civil Code, § 5195. When can further time be given? In our opinion indulgence can be given only during the term to which the certiorari is returnable. The magistrate, in a sense, represents the defendant in certiorari. If the facts be not

truthfully or fully stated in the petition, it is the duty of the magistrate to set forth in his answer what did occur on the trial. The plaintiff in certiorari can not neglect his case and rely upon the magistrate's compliance with the law. The law imposes upon him the exercise of diligence to see that a proper answer is filed in due time. If one is filed which does not correctly set forth the facts, the plaintiff must traverse the truth of the answer, or be bound by its allegations. If the answer is lacking in fullness, the plaintiff must except. And so, if the answer be not filed in time, the plaintiff must call the court's attention to the magistrate's delinquency and take an order requiring the answer to be filed within a specified time. The time to call the court's attention to the omission is immediately after the magistrate's default. He has all of the first day of the term, and no longer, within which to file the answer, unless further time be given.'

We do not think the plaintiff can let the term go by and at a succeeding term obtain an order requiring the answer to be filed. To allow him to do this would be in effect to give him until the case is called for trial, no matter how long it may be, to discover that no answer has been filed. Frequently the magistrate's recollection is the only source from which he can derive information as to what occurred on the trial. The law does not contemplate long and unreasonable delay in answering, when the magistrate may have forgotten the facts. The statute contemplates that the plaintiff shall use reasonable diligence in taking steps to require the filing of the answer. Such diligence would require the plaintiff to move at least during the term to which the certiorari is returnable. Any other rule would needlessly and unreasonably delay the disposition of the case and be a violation of the spirit, if not the letter, of the mandatory requirement of the statute. The magistrate's answer was filed too late, the plaintiff was in laches, and the certiorari should have been dismissed.

*Judgment reversed.*