## 7531. ROBERTS *v.* WATSON CLOTHING COMPANY.

The appeal bond given in this case was a sufficient compliance with the law; the magistrate erred in dismissing the appeal, and the judge of the superior court erred in overruling the certiorari.

DECIDED SEPTEMBER 21, 1916.

Certiorari; from Haralson superior court—Walter Matthews, judge pro hac vice. April 11, 1916.

*D. S. Strickland, J. S. Edwards,* for plaintiff in error.

HODGES, J. This case originated in a magistrate's court. Judgment was rendered against the defendant, and he appealed his case to a jury in the justice's court, in manner and form as follows: "In Justice's Court. Watson Clothing Co., for the use of John T. Holloway, vs. G. M. Roberts. The defendant, being dissatisfied with the judgment rendered in the above-stated case, comes within four days from the rendition thereof and enters an appeal to a jury in said court." The bond read as follows: "We, the appellant, as principal, and W. T. Newton, as surety, are bound unto the Watson Clothing Company, in the above-stated case, to pay the eventual condemnation money therein." On the trial of the appeal before the jury the plaintiff moved to dismiss the appeal, upon the ground that no sufficient bond appeared in said case, for the reason that the name Watson Clothing Company appeared in the bond as the obligee, when the bond should have been made payable to the Watson Clothing Company for the use of John T. Holloway. The magistrate sustained the motion and dismissed the appeal. The defendant then carried the case to the superior court by certiorari. On motion the trial judge dismissed and overruled the certiorari, and rendered final judgment against the defendant, and he excepted.

We think the bond given in the appeal case was a substantial compliance with the statute. In *Smith* v. *Jackson*, 122 *Ga.* 856 (50 S. E. 930), it was held that where a bond given to appeal a case from the court of ordinary to the superior court recites the parties to the case, the character of the case, the judgment of the court, and the term at which it was rendered, and the appellant and his surety bind themselves generally, but not to any named obligee, the fair implication and presumption of law is that the parties to the bond are bound to the appellee in terms of the bond. To the same effect is the decision in *Maloy* v. *Maloy*, 131 *Ga.* 579 (62 S. E. 991), where the court held that an appeal bond is not invalid though the appellants and their sureties acknowledge themselves bound generally, instead of to the appellees. The appeal and the bond in this instance identified the case, and the bond was sufficient. The appeal should not have been dismissed by the

magistrate, and the judgment of the superior court, overruling the certiorari, was therefore error. The case of *Sherman* v. *Morris,* 17 *Ga. App.* 446 (87 S. E. 709), is not in conflict with this ruling.

*Judgment reversed.*