### PIERCE *v.* FELTS, executor.

1. "An appeal lies to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator." Civil Code, § 4999.
2. Certiorari is a proper but not an exclusive remedy, in a proper case, to correct an error in a decision of a court of ordinary.
(*a*) Where either appeal or certiorari is a proper remedy, the movant may elect which remedy he will pursue.
(*b*) In a case where either remedy is proper, and the movant elects to appeal to the superior court, the court can not rightly dismiss the appeal on the ground that certiorari is the exclusive remedy.

MAY 17, 1917.

Appeal. Before Judge Hardeman. Glascock superior court. February 22, 1915.

*Arant & Trimble,* for plaintff.   *E. P. Davis,* for defendant.

HILL, J. Sterling Gibson, as propounder, offered the last will and testament of Amanda J. Gallaher for probate in the court of ordinary of Glascock county. N. Gallaher and W. A. Neal were cited to appear as the heirs at law of the deceased. H. S. Pierce, claiming an interest in certain lands belonging to the estate of Amanda J. Gallaher, filed a petition for intervention in the court of ordinary, and asked to be allowed to intervene as a party to the case. This petition for intervention was stricken by the court of ordinary, and Pierce during the term entered an "appeal to a jury in the superior court." In the superior court the appeal was dismissed on the ground that appellant's exclusive remedy was by certiorari and not appeal, to which ruling Pierce excepted.

The only question to be decided is whether the court below erred in dismissing the appeal. Article 6, section 6, paragraph 1, of

the constitution (Civil Code, § 6520) is as .follows: "The powers of a court of ordinary, and of probate, shall be vested in an ordinary for each county, from whose decision there may be an appeal (or, by consent of parties, without a decision) . to the superior court, under regulations prescribed by law." Section 4999 of the Civil Code provides: "An appeal lies to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator." It is insisted, inasmuch as the dismissal of the appeal in the present case involved no issue of fact, but was purely a question of law, that certiorari and not appeal was the exclusive remedy, and that the court below was right in dismissing the appeal. In *Wash* v. *Wash,* 145 *Ga.* 405 (89 S. E. 364), it was held: "From a judgment of a court of ordinary, sustaining a demurrer to a petition seeking the revocation of letters of administration previously granted, an appeal will lie to the superior court," citing Civil Code. (1910), § 4999; *Teasley* v. *Vickery,* 133 *Ga.* 721 (66 S. E. 918). It seems clear from the code section just quoted, and from the *Wash* case, supra, and those on which it is based, that an appeal to the superior court is a proper method by which to review a decision of the court of ordinary. We do not think that the contention that the plaintiff in error, not having been allowed to intervene, was not such a party as that he could appeal to the superior court is well taken. In the case of *Seagraves* v. *Powell Co.,* 143 *Ga.* 572, 578 (85 S. E. 760), Mr. Justice Lumpkin said: "Under a former constitution, which declared that the superior courts should have power to correct errors of inferior judicatories by writs of certiorari, and also that there might be an appeal from the court of ordinary (the powers of which were then vested in the inferior court), and an act carrying this latter provision into effect, Hon. T. U. P. Charlton and Hon. R. M. Charlton, presiding in the superior court, were of the opinion that the complaining party had an election to pursue either remedy. *McCaskill* v. *McCaskill, T. U. P. Charlton,* 151; *Roser* v. *Marlow, R. M. Charlton,* 309. In the latter case Judge Charlton said: ' There is nothing in the constitution or laws of our State which prohibits a certiorari from being issued because an appeal is given from the same tribunal to which it issues. . . The nature of the two remedies is well understood, and one of the distinctions which has been drawn between them is, that an appeal

can only be had when it is expressly given, and a certiorari always lies unless it has been expressly taken away.' As we have seen above, neither the constitution nor the statute expressly or impliedly takes away the right to review rulings of the court of ordinary by writs of certiorari, save in certain specified instances named in the statute. This view is further sustained by section 5181 of the Civil Code of 1910, which provides the method of procedure in order to obtain a writ of certiorari to review a judgment of the court of ordinary. The passing statement made in *Comer* v. *Ross,* 100 *Ga.* 652, 653 (28 S. E. 387), to the effect that appeal 'and not certiorari' was the remedy, was obiter dictum, the only question there being whether appeal would lie in that case. So the discussion in *Cunningham* v. *United States Savings & Loan Co.,* 109 *Ga.* 616 (34 S. E. 1024), does not militate against the view here expressed. It was there held that a certain ruling did not furnish any ground of appeal, but was open to attack by certiorari." From all the foregoing we conclude that certiorari is a proper but not the exclusive remedy in a case like the present. Under the facts of this case, the intervenor could appeal, or he could avail himself of the remedy of certiorari. Having the right to elect which remedy he would pursue, and having elected, the court below erred in dismissing his appeal on the ground that certiorari was his exclusive remedy.　　　　　*Judgment reversed. All the Justices concur.*