20216. STEPHENS *et al.* v. BELL, administrator.

DECIDED APRIL 16, 1930.

*Wright & Davis,* for plaintiffs. *Madison Bell,* for defendant.

BLOODWORTH, J. Section 5180 of the Civil Code of 1910 is as follows: "The writ of certiorari will lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers, including the ordinary, except in cases touching the probate of wills, granting letters testamentary and of adminis-

■

tration." The case under consideration is not one "touching the probate of wills," or of "granting letters testamentary and of administration," and does not come within the exception named in this code section. The only question for this court to determine is, will certiorari lie in this case? It is not necessary for us to hold that certiorari is the exclusive remedy. In *Seagraves* v. *Powell Co.*, 143 *Ga.* 577, 578 (2) (85 S. E. 760), it was said: "Another ground to dismiss the writ of certiorari was that appeal, not certiorari, was the proper remedy, if the defendant in error was dissatisfied with the judgment of the court of ordinary. By article 6, section 4, paragraph 5, of the constitution (Civil Code of 1910, § 6514) it is declared that the superior courts 'shall have power to correct errors in inferior judicatories, by writ of certiorari.' The writ of certiorari was a common-law writ, and the authority by it to correct errors in inferior judicatories was declared as a constitutional power of the superior courts as early as in the constitution of 1798 (article 3, section 1). In article 6, section 6, paragraph 1, of the constitution of 1877 (Civil Code of 1910, § 6520) it is declared: 'The powers of a court of ordinary, and of probate, shall be vested in an ordinary for each county from whose decision there may be an appeal (or, by consent of parties, without a decision) to the superior court, under regulations prescribed by law.' This gives the right of appeal, but does not necessarily exclude the remedy by certiorari. Turning to the statutes, it is provided by section 4999 of the Civil Code of 1910 that 'an appeal lies to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator.' Section 5180 declares: 'The writ of certiorari will lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers, including the ordinary, except in cases touching the probate of wills, granting letters testamentary and of administration.' The exception shows that the word 'ordinary' was not used in contradistinction to the court of ordinary, because the probate of wills and granting of letters testamentary and of administration were matters appertaining to the jurisdiction of the court of ordinary; and if the previous mention of the ordinary was intended to refer only to his acts otherwise than as a court of ordinary, the exception would have been useless. Our code sometimes employs the word 'ordi-

nary' and sometimes the expression 'court of ordinary.' The ordinary performs certain administrative duties touching county matters, sometimes acts as the judge of the court of ordinary, and sometimes discharges certain special duties imposed on him by law. Whether the statute is dealing with him as the judge of the court of ordinary, or has reference to the person who is ordinary, is often to be determined rather with reference to the subject-matter being considered than by a narrow consideration of the form of words used. Under a former constitution, which declared that the superior courts should have power to correct errors of inferior judicatories by writs of certiorari, and also that there might be an appeal from the court of ordinary (the powers of which were then vested in the inferior court), and an act carrying this latter provision into effect, Hon. T. U. P. Charlton and Hon. R. M. Charlton, presiding in the superior court, were of the opinion that the complaining party had an election to pursue either remedy. *Mc-Caskill* v. *McCaskill, T. U. P. Charlton,* 151; *Roser* v. *Marlow, R. M. Charlton,* 309. In the latter case Judge Charlton said: 'There is nothing in the constitution or laws of our State which prohibits a certiorari from being issued because an appeal is given from the same tribunal to which it issues. . . The nature of the two remedies is well understood, and one of the distinctions which has been drawn between them is, that an appeal can only be had when it is expressly given, and a certiorari always lies, unless it has been expressly taken away.' As we have seen above, neither the constitution nor the statute expressly or impliedly takes away the right to review rulings of the court of ordinary by writs of certiorari, save in certain specified instances named in the statute. This view is further sustained by section 5181 of the Civil Code of 1910, which provides the method of procedure in order to obtain a writ of certiorari to review a judgment of the court of ordinary. The passing statement made in *Comer* v. *Ross,* 100 *Ga.* 652, 653 (28 S. E. 387), to the effect that appeal 'and not certiorari' was the remedy, was obiter dictum, the only question there being whether appeal would lie in that case. So the discussion in *Cunningham* v. *United States Savings & Loan Co.,* 109 *Ga.* 616 (34 S. E. 1024), does not militate against the view here expressed." From the foregoing it appears that "there is nothing in the constitution or laws of our State which prohibits a certorari from being issued because

an appeal is given from the same tribunal to which it issues." However, the queston under consideration seems absolutely settled by the decision in *Pierce* v. *Felts,* 146 *Ga.* 809 (2) (92 S. E. 541), where it was held: "Certiorari is a proper but not an exclusive remedy, in a proper case, to correct an error in a decision of a court of ordinary. (*a*) Where either appeal or certiorari is a proper remedy the movant may elect which remedy he will pursue." In the opinion in *Pierce* v. *Felts,* just referred to, the Supreme Court, after quoting as above from the *Seagraves* case, supra, said (p. 811): "From all the foregoing we conclude that certiorari is a proper but not the exclusive remedy in a case like the present. Under the facts of this case, the intervenor could appeal, or he could avail himself of the remedy of certiorari. Having the right to elect which remedy he would pursue, and having elected, the court below erred in dismissing his appeal on the ground that certiorari was his exclusive remedy." In the instant case, since the motion to dismiss the certiorari was based on the ground that "the recourse pursued in this aforesaid case of carrying said case from a judgment of the court of ordinary to the superior court for correction and review is contrary to law in that the procedure expressly provided by the law of Georgia in such cases makes the method and procedure one of appeal, and that the right to certiorari in such cases has been expressly taken away by statute, Code 4999, 5180," and since a certiorari will lie in this case, and the plaintiffs in error having elected certiorari as their remedy, and as appeal was not the exclusive remedy, the court erred in sustaining the motion to dismiss the certiorari.

*Judgment reversed.  Broyles, C. J., and Luke, J., concur.*