## 35494. CITY OF ATLANTA v. SCHAFFER.

UNDERCOFLER, Presiding Justice.
This is a certiorari to the Court of Appeals.[1]

---

[1] *Schaffer v. City of Atlanta,* 151 Ga. App. 1 (258 SE2d 674) (1979).

The question is whether the dismissal of certiorari by a superior court because a magistrate fails to answer timely and before a motion to dismiss bars a second certiorari filed within six months under Code Ann. § 3-808.

The essential facts here are as follows: On March 1, 1977, the Atlanta Municipal Court declared Schaffer's establishment, the "Love Machine," a nuisance per se and ordered it closed instanter. On March 9, 1977, a certiorari from this judgment was filed in the Fulton Superior Court. The certiorari was dismissed on motion of the City of Atlanta because the judge of the Atlanta Municipal Court had not answered the certiorari. That decision was affirmed by the Court of Appeals.[2] This court denied certiorari from that decision on June 29, 1978. Thereafter, on August 22, 1978, a second certiorari from the judgment of the Atlanta Municipal Court was filed with the Fulton Superior Court. This second certiorari was dismissed by the Fulton Superior Court which held that the dismissal of the first certiorari for the reason assigned barred a second certiorari. The Court of Appeals reversed that judgment, holding that the second certiorari was not barred because the first certiorari was not dismissed on the merits and therefore the second certiorari, having been filed within six months of the final decision, was valid under Code Ann. § 3-808. We granted certiorari to review the Court of Appeals decision.

We reverse. It is well established that the plaintiff in certiorari to a superior court has the duty of ascertaining whether the magistrate has filed his answer and, if not, to move the superior court to order it filed. As stated in *Sutton v. State,* 120 Ga. 865, 866 (48 SE 342) (1904), "It has been held that the failure of the judge to file a proper answer will be a sufficient reason to dismiss the certiorari, when no timely motion is made to perfect the same. See *Fain v. Shy,* 115 Ga. 765 [(42 SE 94)]; *Tyner v. Leake,* 117 Ga. 990 [(44 SE 812)]. In such a case the plaintiff in certiorari is at fault in failing to make an appropriate

---

[2] *Schaffer v. City of Atlanta,* 144 Ga. App. 702 (242 SE2d 288) (1978).

motion in due time, and the dismissal results from this fault, and not from the bare failure of the judge to file his answer." And in *Turner v. State*, 85 Ga. App. 609 (70 SE2d 45) (1952), "The duty rests upon the plaintiff in certiorari to discover that no answer has been filed by the magistrate during the term to which the certiorari is returnable. If not filed, it is the duty of the plaintiff in certiorari to obtain an order requiring such answer to be filed within some specified time."

Also, in *J. M. High Co. v. Ga. R. & Power Co.*, 12 Ga. App. 505 (77 SE 588) (1913), it was stated: "In ordinary cases the defendant must file his answer within the time required by law, or incur the penalty of his failure to do so. In certiorari cases the answer of the magistrate 'shall be filed on the first day of the term to which it is returnable, unless further time be given.' Civil Code, § 5195 . . . The magistrate, in a sense, represents the defendant in certiorari. If the facts be not truthfully or fully stated in the petition, it is the duty of the magistrate to set forth in his answer what did occur on the trial. The plaintiff in certiorari can not neglect his case and rely upon the magistrate's compliance with the law. The law imposes upon him the exercise of diligence to see that a proper answer is filed in due time. If one is filed which does not correctly set forth the facts, the plaintiff must traverse the truth of the answer, or be bound by its allegations. If the answer is lacking in fullness, the plaintiff must except. And so, if the answer be not filed in time, the plaintiff must call the court's attention to the magistrate's delinquency and take an order requiring the answer to be filed within a specified time. . ." Accord, *Louisville &c. R. Co. v. Lovelady,* 14 Ga. App. 305 (80 SE 725) (1913); *Henry v. American R. Exp. Co.,* 25 Ga. App. 646 (104 SE 16) (1920); *Mertins v. Gavalos,* 28 Ga. App. 438 (111 SE 684) (1922); *Mathis v. City of Nashville,* 49 Ga. App. 309 (175 SE 383) (1934); *Hendricks v. State,* 70 Ga. App. 805 (29 SE2d 447) (1944); *Turner v. State,* 85 Ga. App. 609, supra.

Although it may be said that the dismissal of a certiorari because the magistrate failed to file his answer is not upon the merits, nevertheless it is an involuntary dismissal. Prior to the Civil Practice Act, voluntary and

involuntary dismissals not upon the merits were treated alike under Code Ann. § 3-808. *Clark v. Newsome,* 180 Ga. 97 (178 SE 386) (1934). However, the CPA treats voluntary dismissals and involuntary dismissals differently. Code Ann. § 81A-141. By necessary implication Code Ann. § 3-808 was amended by the CPA so that involuntary dismissals can only be recommenced within six months in certain instances. "For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against him . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." Code Ann. § 81A-141(b). That Code Ann. § 3-808 and Code Ann. § 81A-141 are to be harmonized is apparent under Ga. L. 1967, pp. 226, 244, which amended both the Civil Practice Act and Code Ann. § 3-808. We hold that the neglect of the plaintiff in certiorari to see that a proper answer is filed in due time is a failure to prosecute within the meaning of Code Ann. § 81A-141(b). Thus the involuntary dismissal of the first certiorari here for this reason operated as a dismissal on the merits under Code Ann. § 81A-141(b). It is res judicata and the second certiorari is barred. See *Paul v. Bennett,* 241 Ga. 158 (244 SE2d 9) (1978).

*Judgment reversed. Nichols, C. J., Jordan, Hill, Bowles and Marshall, JJ., and Judge Charles L. Weltner, concur. Clarke, J., not participating.*

Argued November 14, 1979 — Decided February 5, 1980.

*Andrew J. Hairston, Paul L. Howard, Jr.,* for appellant.

*Glenn Zell,* for appellee.