## 68386. COPELAND v. WHITE et al.
### (322 SE2d 523)

McMURRAY, Chief Judge.

Contending that he was convicted of two offenses (driving under

the influence and improper parking) in the Probate Court of Fayette County, the defendant applied for a writ of certiorari to the Superior Court of Fayette County naming the Judge of the Probate Court of Fayette County as respondent and the district attorney as the opposite party. The petition for the writ was sanctioned and the writ issued. Attached to the application was a supersedeas bond, and the record shows a certificate of service as to the respondent and as to the district attorney. No answer to the writ was ever filed within 30 days after service, nor do we find any further time granted by the superior court for the filing of an answer. See OCGA § 5-4-7. Thereafter, the district attorney some 60 days after service upon the respondent moved to dismiss in that no answer had been filed and the defendant had not filed a timely motion to have the record perfected and no continuance had been granted.

The superior court noting that no answer had been filed within 30 days after service and no further time for answer had been granted by the court and upon the filing of a motion to dismiss the petition and application for the writ, the motion was granted and the petition and application for writ of certiorari was dismissed. Defendant appeals. *Held*:

The burden is on the applicant for certiorari to cause the respondent's answer to be filed within 30 days of service upon him. See *Schaffer v. City of Atlanta*, 151 Ga. App. 1 (258 SE2d 674); *City of Atlanta v. Schaffer*, 245 Ga. 164 (264 SE2d 6). If an answer is not filed within 30 days after service a dismissal is correct with reference to the application for the writ. See *Allison v. City of Atlanta*, 109 Ga. App. 114, 115 (1) (135 SE2d 524); *Yield, Inc. v. City of Atlanta*, 144 Ga. App. 637, 639 (242 SE2d 478); *Schaffer v. City of Atlanta*, 144 Ga. App. 702 (242 SE2d 288). The burden is upon the appellant in asserting error to show it by the record. *Smith v. Forrester*, 132 Ga. App. 426 (208 SE2d 199). Under the circumstances here this court has no way to determine whether or not there was insufficient evidence upon which the defendant could reasonably have been found guilty beyond a reasonable doubt before the probate court. Accordingly, we must affirm the dismissal where no answer to the writ was filed within the 30-day period required by law.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1984.

*Lee Sexton*, for appellant.
Judge James F. White, *pro se.*
*Johnnie L. Caldwell, Jr., District Attorney*, for appellees.