### 71786. COPELAND v. WHITE et al.
(344 SE2d 436)

DEEN, Presiding Judge.

On September 8, 1983, the Probate Court of Fayette County found the appellant, Herbert Copeland, guilty of driving under the influence and improper parking. Thereafter, Copeland applied for a writ of certiorari with the Superior Court of Fayette County, naming the probate court judge as respondent and the district attorney as the opposite party. No answer to the writ was filed within the thirty days allowed, and Copeland failed to seek an order requiring an answer; the superior court consequently dismissed Copeland's petition on December 9, 1983, for failure to prosecute. This court subsequently affirmed that dismissal. *Copeland v. White,* 172 Ga. App. 198 (322 SE2d 523) (1984).

Copeland next filed with the superior court a notice of appeal on November 2, 1984, seeking review of his conviction, the judgment of which on remittitur had been entered on or about October 18, 1984. On behalf of the probate court judge and the district attorney, the county attorney filed a motion to dismiss the appeal on the bases that the prior dismissal of the application for certiorari barred another application and that no regular appeal to the superior court had been timely filed. The superior court granted that motion, and Copeland's appeal to this court followed. *Held:*

The appellees initially attack the propriety of Copeland's direct appeal here, contending that the discretionary appeal procedures were required in this case under OCGA § 5-6-35 (a) (1). Generally, appeals from decisions of the superior court reviewing decisions of lower courts by certiorari or de novo are discretionary with this court, but that Code section specifically exempts cases concerning decisions of the probate courts. Accordingly, this direct appeal is appropriate.

We realize that in *King v. State,* 176 Ga. App. 137 (335 SE2d 439) (1985), this court allowed a discretionary appeal from a superior court's review of a probate court decision. "The best way to deal with an error is to correct it, and the next best is to confine it." *Van Horn v. McNeill,* 79 Ga. 121, 124 (4 SE 111) (1887). It is apparent that this procedural issue was not raised in *King v. State,* supra, but, advancing the best way, to the extent that it implies that discretionary procedures are necessary in this case, *King v. State* must be disapproved.

In moving for dismissal of Copeland's notice of appeal before the superior court, the appellees relied upon *City of Atlanta v. Schaffer,*

245 Ga. 164 (264 SE2d 6) (1980), which held that the involuntary dismissal of a certiorari petition for failure to prosecute operated as a dismissal on the merits and thus barred a second certiorari. However, as noted by the appellant, OCGA § 9-11-41 (b) was amended, effective November 1, 1982, to provide that a dismissal for failure to prosecute does not operate as an adjudication on the merits. Copeland thus would not have been barred from renewing his application for certiorari within six months of the final entry of judgment following this court's affirmance of the dismissal of the original petition.

Nevertheless, rather than renewing the certiorari, Copeland chose to seek a regular appeal of the conviction in the superior court. Following his conviction by the probate court on September 8, 1983, Copeland had two alternate post-conviction remedies, a right of appeal to the superior court within thirty days under OCGA §§ 5-3-2 and 5-3-20, and application for certiorari under OCGA § 5-4-3. See *Pierce v. Felts*, 146 Ga. 809 (92 SE 541) (1917); *Stephens v. Bell*, 41 Ga. App. 353 (153 SE 99) (1930). He elected to pursue certiorari, and the right of renewing his action within six months pertains only to that remedy of certiorari. Copeland's attempt on November 2, 1984, to commence a regular appeal in the superior court thus was not timely, and the appeal was properly dismissed.

Much of the dissent actually concerns the correctness of the Georgia Supreme Court's decision in *City of Atlanta v. Schaffer*, 245 Ga. 164, supra, and this court's reliance upon *Schaffer* in *Copeland v. White*, supra, considering the due process pronouncements in *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821) (1985). Nothing in the dissent or in *Evitts v. Lucey*, however, eliminates the jurisdictional requisite of a timely filed notice of appeal and the equally necessary dismissal of any appeal where that jurisdictional requisite was not observed. *Evitts* actually involved the state of Kentucky's requirement of filing a formal "statement of appeal," a technical nicety distinct from the mandatory notice of appeal and one not required in Georgia. Accordingly, *Evitts* has no bearing on this case.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Sognier, Pope and Beasley, JJ., concur. Carley, J., concurs in the judgment only. Benham, J., dissents.*

BENHAM, Judge, dissenting.

In order to focus clearly on the issue before the court, I deem it necessary to review the procedural journey of this case prior to the surfacing of the instant appeal.

Appellant was first convicted in the Probate Court of Fayette County in 1983 for DUI and improper parking. Within the time permitted by law appellant filed a writ of certiorari in the Superior Court of Fayette County. The respondent failed to answer within the requi-

site time period. Nevertheless, relying on *City of Atlanta v. Schaffer*, 245 Ga. 164 (264 SE2d 6) (1980), respondent filed a motion to dismiss in superior court, contending appellant failed to file a motion to compel an answer. The motion was granted and an appeal was taken to this court. *Copeland v. White*, 172 Ga. App. 198 (322 SE2d 523) (1984). We affirmed the conviction, and on November 2, 1984, appellant filed in Fayette Superior Court a notice of appeal from the remittitur of October 18, 1984, relying on the 1982 amendment to OCGA § 9-11-41 (b), which limited the scope of *City of Atlanta v. Schaffer*, supra, by stating that a dismissal for failure to prosecute is not an adjudication on the merits. Respondent countered by moving to dismiss on the basis that appellant had elected the wrong remedy, i.e., he had filed a notice of appeal when in fact he should have filed a writ of certiorari under OCGA § 5-4-3. The trial court granted the motion for dismissal, and it is from the dismissal that this appeal is brought.

The sole enumeration of error is the granting of the dismissal; however, appellant raises a violation of due process argument, and it is the due process issue that persuades me to call for reversal.

1. I am in complete agreement with the majority's view that appeals in matters of this nature should be by direct appeal rather than discretionary, and I would concur in the overruling of the intimation in *King v. State*, 176 Ga. App. 137 (335 SE2d 439) (1985), that the discretionary route is necessary in appeals from probate court. See OCGA § 5-6-35 (a) (1). Regrettably, my agreement ends at that point.

2. In *City of Atlanta v. Schaffer*, supra, the Georgia Supreme Court sanctioned dismissal where procedural niceties in criminal cases are not adhered to; however, the United States Supreme Court, in *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821) (1985) (53 USLW 4101), cast aside the procedural hurdles in favor of deciding criminal cases on the merits. Hence, I interpret *Evitts v. Lucey* as implicitly overruling *City of Atlanta v. Schaffer*.

Like Kentucky, from which *Evitts* emanates, Georgia has a statute permitting appeals as a matter of right in criminal cases. OCGA § 5-6-33. In this regard, I find particularly persuasive the following language in *Evitts*, supra at 4105: "A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed . . . In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution — and, in particular, in accord with the Due Process Clause."

Admittedly, *Evitts* deals mainly with a right to counsel matter, an issue not present here, but it also gives an in-depth analysis of due process and focuses on the right of a criminal defendant to a first appeal. Calling attention to *Griffin v. Illinois*, 351 U. S. 12 (76 SC 585,

100 LE 891) (1956), the *Evitts* court, at 4106, states: "In establishing a system of appeal as of right, the State [has] implicitly determined that it [is] unwilling to curtail drastically a defendant's liberty unless a second judicial decision-maker, the appellate court, [is] convinced that the conviction was in accord with law." Such a statement negates the application of procedural niceties to dispose of a criminal appeal without reaching the merits.

To allow the State to ignore procedural requirements as it did initially in failing to answer the writ of certiorari, and then to allow the State to use its disobedience to gain a procedural advantage and thereby defeat the appeal, is a direct affront to due process. Conceding that we are bound to follow the ruling of our Supreme Court in *City of Atlanta v. Schaffer*, supra; nevertheless, we are not bound to follow a decision which we believe to have been implicitly overruled by *Evitts v. Lucey*, supra.

Justice Brennan, speaking for the majority in *Evitts*, equates the application of procedural niceties in criminal cases to arbitrariness because such rules are unrelated to the issue involved. While I bristle at the thought of abandoning time-honored procedural rules, I take some comfort in the court's language at 4105: "To the extent that a State believes its procedural rules are in jeopardy, numerous courses remain open. For example, a State may certainly enforce a vital procedural rule by imposing sanctions against the attorney, rather than against the client. Such a course may well be more effective than the alternative of refusing to decide the merits of an appeal and will reduce the possibility that a defendant who was powerless to obey the rules will serve a term of years in jail on an unlawful conviction."

Being convinced that substance should be superior to form, I would reverse.

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 4, 1986.

*Lee Sexton*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, R. Mark Mahler, Assistant District Attorney*, for appellees.