**FOURTH DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P.J., and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A2063. ULTRA GROUP OF COMPANIES, INC. v. INAM
   INTERNATIONAL, INC. et al.

COOMER, Judge.

Ultra Group of Companies, Inc. ("Ultra") appeals the superior court's dismissal of its petition for certiorari and entry of judgment in favor of Inam International, Inc., Sono Merchants, Inc., Farooq Gandhi, Omar Enterprises, Inc., Abdul Ghulamhussain, and Hasina Kebani ("Inam Group"). On appeal, Ultra argues that the superior court erred in (i) dismissing the petition on the basis that the Georgia Lottery Corporation ("GLC") failed to file an answer, and (ii) entering judgment for Inam Group. For the following reasons, we affirm in part and reverse in part.

The underlying dispute between Ultra and Inam Group involves claims pertaining to the leasing and operation of coin operated amusement machines ("COAMs"). Disputes among COAM licensees are governed by the statutory framework associated with the GLC. Pursuant to OCGA § 50-27-102 (d), any disputes between COAM operators must be submitted to arbitration before a hearing officer or arbitration service approved by GLC.

In compliance with this procedure, the parties' case was heard by an arbitrator approved by GLC. Dissatisfied with the result at arbitration, Ultra appealed to GLC's CEO pursuant to OCGA § 50-27-102 (d) (5) and GLC Rules and Regulations 13.2.5 (1) (b) (4). After the CEO failed to take any action within 30 days, Ultra filed a petition for certiorari in the Fulton County Superior Court.[1]

When it filed its petition, Ultra complied with OCGA § 5-4-6 (b) and served the respondent — GLC — with a copy of the petition. However, GLC failed to file an answer within 30 days of receipt of the petition as required by OCGA § 5-4-7, and

---

[1] Georgia Lottery Corporation RU 13.2.5 (1) (b) (4) states that a "Motion for Review shall be deemed denied if the President/CEO or his/her designee fails to provide a decision to either grant or deny the Motion of Review within 30 days from receipt of the Motion for Review." See https://www.gacoam.com/API/Documents/Document?documentID=255 (last visited January 9, 2020).

2

Ultra neither requested an extension of time for GLC to answer nor sought to compel an answer from GLC. Inam moved to dismiss the petition in the absence of GLC's answer. The superior court granted the motion to dismiss, finding that it was Ultra's responsibility to compel an answer from GLC or request additional time from the trial court to secure an answer. After dismissing the petition, the trial court then entered judgment in favor of Inam, as set forth in the arbitration award. Ultra filed an application for discretionary review, which we granted. It then filed a notice of appeal two days later.

1. Ultra argues that the superior court erred in dismissing its petition because an answer from GLC was not required. We disagree.

"We apply a de novo standard of review to the trial court's grant of a motion to dismiss." *Alcatraz Media, LLC v. Yahoo! Inc.*, 290 Ga. App. 882, 882 (660 SE2d 797) (2008).

As noted, when a petition for certiorari is filed in superior court, the respondent — in this case GLC — must file an answer within 30 days after service of the writ. OCGA § 5-4-7. The answer is not a pleading, but is a form of return that constitutes a copy of the entire record in the case. *Herault v. Dept. of Human Resources*, 137 Ga. App. 446, 446-447 (1) (224 SE2d 480) (1976). The burden is on the petitioner to see

3

that an answer to the petition is filed in a timely manner. *Copeland v. White*, 172 Ga. App. 198, 198 (322 SE2d 523) (1984). If an answer is not filed, dismissal of the petition is the proper remedy. Id.

Ultra asserts that because it attached a copy of the transcript and final order from the arbitration hearing to its petition, GLC was not required to file an answer.[2] Permitting Ultra to submit what it says constitutes the record below would circumvent the statutory requirement that the lower tribunal, not the parties, "*certify* and send up all the proceedings in the case to the superior court, as directed in the writ of certiorari." OCGA § 5-4-3 (emphasis supplied).

Ultra obtained a writ of certiorari from the superior court which directed the GLC CEO to "certify and send up to the Fulton Superior Court all of the proceedings in the case." It is undisputed from the record that the GLC failed to file an answer, and Ultra did not compel GLC to respond or request additional time to seek compulsion. Because Ultra failed to compel GLC to file an answer or seek additional time for it to do so, no certified record from the lower tribunal was ever filed in the superior court. See *Maddox v. City of Newnan*, 118 Ga. App. 347, 347 (163 SE2d

---

[2] We note that Ultra claims it included "essentially" the entire record below with its petition, but missing from its attachments are the arbitration complaint, answer, and any motions or briefs that may have also been filed.

4

756) (1968) ("Assignments of error and recitals of fact contained in a petition for certiorari to the superior court from the judgment of a recorder's court *which have not been verified by the answer of the magistrate, no answer having been filed, cannot be considered*[.]" (emphasis supplied)); *Herault*, 137 Ga. App. at 448 (1) ("The return or answer must constitute a verification or denial, from the record or otherwise, of material assertions in the petition."); *Gornto v. City of Brunswick*, 119 Ga. App. 673, 673 (3) (168 SE2d 323) (1969) ("[T]he [dismissal of the petition for certiorari] was correct for the additional reason that there was no certification of the record of the trial from the recorder's court to the superior court." (citation omitted)). See also *Copeland,* 172 Ga. App. at 198. Because no certified record from GLC was ever filed, and Ultra failed to take any steps to ensure its filing, the superior court did not err in dismissing the petition.

2. Ultra next argues that the trial court erred when, following dismissal of the petition, it entered a judgment on the merits "as set forth in the Final Award in the Arbitration." We agree.

In its order entering judgment for Inam, the trial court cited to OCGA § 5-4-17. That code section states, in pertinent part, that

5

[i]f the certiorari is dismissed and a final decision is made in the case by the superior court, the defendant in certiorari may have judgment entered in the superior court against the plaintiff and his security for the sum recovered by him, together with the costs in the superior court[.]

OCGA § 5-4-17.

On the face of the statute, it appears as though a superior court can both dismiss a petition for certiorari and simultaneously enter a judgment on the merits. However, we previously interpreted section 5205 of Civil Code 1910, which was nearly identical to the current version of OCGA § 5-4-17, and found that "the word 'dismiss' is in fact used in a sense synonymous with 'overrule' throughout the sections of the Code dealing with the subject of certioraries." *Ray v. Cruce*, 21 Ga. App. 539, 540 (94 SE 899) (1918). Thus, "if the certiorari is dismissed in the sense that it is overruled, and consequently a final decision can properly be entered in the case, then such a judgment can also be taken against the surety on the certiorari bond." Id. (citation omitted). The trial court's dismissal here for GLC's failure to file an answer was not a dismissal in the sense that it overruled the petition. Instead, it was a dismissal on procedural grounds.

When a superior court dismisses a petition on procedural grounds, rather than overrules it, it is without jurisdiction to enter a judgment on the merits. *Ray*, 21 Ga.

6

App. at 540-541; *Dykes v. Twiggs County.*, 115 Ga. 698, 700 (42 SE 36) (1902) (where petition for certiorari was dismissed on procedural grounds, "there was really no case at all lawfully before the superior court."). In *Kirkland v. Luke*, we held that

> [t]he petition for certiorari being void, the superior court had no power concerning it except to dismiss it, and to enter a judgment *for the costs against the petitioner and his security on the certiorari bond.* To this extent the judgment is affirmed. But the further action of the court in ordering a judgment against them to be entered for the sum recovered in the [lower] court by the defendant in certiorari was erroneous, and is reversed.

30 Ga. App. 203, 204 (4) (117 SE 259) (1923) (citations omitted) (emphasis supplied).

In the instant case, after dismissing the petition, the superior court was without power to adopt the final arbitration award below as its own judgment. That portion of the order is vacated and reversed.

*Judgment affirmed in part and reversed in part. Doyle, P. J., concurs; McFadden, C.J., concurs dubiante.*

7

A19A2063. ULTRA GROUP OF COMPANIES, INC. v. INAM

INTERNATIONAL, INC.

McFADDEN, Chief Judge, concurring dubitante.

I concur dubitante[1] in the majority opinion. While it is a correct application of a longstanding rule of Georgia law, I doubt the soundness of that rule.

The rule at issue is that a superior court may dismiss a petition for writ of certiorari if the inferior judicatory (the respondent) fails to answer because it is the duty of the petitioner to see that the respondent files a timely answer. Our Supreme Court articulated this rule in *City of Atlanta v. Schaffer*, 245 Ga. 164 (264 SE2d 6) (1980):

---

[1] "A concurrance dubitante is a concurrence that is given doubtfully. Unlike a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said, . . . a concurrence dubitante is a full concurrence, albeit one with reservations." *Benefield v. Tominich*, 308 Ga. App. 605, 611 n. 23 (708 SE2d 563) (2011) (Blackwell, J., concurring dubitante). See Jason J. Czamezki, The Dubitante Opinion, 39 Akron L. Rev. 1 (2006).

It is well established that the plaintiff in certiorari to a superior court has the duty of ascertaining whether the [respondent] has filed [an] answer and, if not, to move the superior court to order it filed. . . . It has been held that the failure of the [respondent] to file a proper answer will be a sufficient reason to dismiss the certiorari, where no timely motion is made to perfect the same. In such a case, a plaintiff in certiorari is at fault in failing to make an appropriate motion in due time, and the dismissal results from this fault, and not from the bare failure of the [respondent] to file [the] answer.

Id. at 165-166 (citations and punctuation omitted). Citing a decision of this court that relied on *City of Atlanta v. Schaffer*, the majority opinion correctly applies that rule to affirm the dismissal of the petition in this case.

But the rule troubles me. It is not found anywhere in the statutes establishing the procedure for obtaining certiorari to the superior court, OCGA §§ 5-4-1 through 5-4-20. None of those Code sections imposes a duty on a petitioner to ensure that the respondent answers the petition or authorizes the superior court to dismiss the petition if the petitioner does not satisfy that duty.

On the contrary, the rule stands in tension with what those Code provisions do provide. OCGA § 5-4-3 provides that, once the petitioner files the petition and the superior court sanctions it, the clerk of the superior court will issue a writ of certiorari

"*requiring* the [respondent judicatory] to certify and send up all of the proceedings in the case to the superior court, as directed in the writ of certiorari." (Emphasis supplied.) That occurred in this case. OCGA § 5-4-7 requires the respondent to timely make this answer to the writ of certiorari. See generally *Herault v. Dept. of Human Resources*, 137 Ga. App. 446, 446-447 (1) 224 SE2d 480) (1976) (under current statutes governing certiorari to superior court, respondent's "answer" is the sending up of proceedings). And if the respondent's answer is insufficient, OCGA § 5-4-9 permits, but notably does not require, the petitioner to challenge that answer within a certain period after the answer is filed. See generally *Williamson v. City of Tallapoosa*, 238 Ga. 522, 523-524 (233 SE2d 777) (1977) (explaining that, under an earlier version of the statute, a petitioner was required to traverse an insufficient answer, but the petitioner is no longer required to do so).

Contrary to the procedure set forth in these Code sections, the rule at issue in this case places the ultimate responsibility of ensuring an answer from the respondent upon the petitioner, and it demands that the petitioner ask the superior court to issue a second order requiring the respondent to send up the record of the lower proceedings.

3

This rule is a judicial invention. It appears to date back to a 1902 decision of our Supreme Court, *Fain v. Shy*, 115 Ga. 765 (42 SE 94) (1902). That decision states, in its entirety: "There being no proper answer to the writ of certiorari, and no motion looking to the obtaining of such an answer, there was no error in dismissing the petition for the writ." Id. It provides no citation of authority for the rule.

Although the rule has been applied regularly since then, it often has been applied in procedural circumstances where it was less draconian than here. For example, it has been applied when no writ of certiorari was served, see *Hendricks v. State*, 70 Ga. App. 805 (29 SE2d 447) (1944), and when the respondent filed an incomplete answer and the version of the statute in effect at that time demanded (rather than permitted) that the petitioner traverse the answer in that circumstance. See *Tyner v. Leake*, 117 Ga. 990 (44 SE 812) (1903).

I am not the first to question the application of this rule where a respondent judicatory, properly served with the writ of certiorari, simply does not comply. Addressing similar circumstances, Judge Townsend of this court wrote: "I concur in the result [affirming a dismissal of certiorari] because, while the rule stated in the majority is clearly imposed by a long line of precedents, I consider it to be harsh and

4

illogical." *Turner v. State*, 85 Ga. App. 609 (70 SE2d 45) (1952) (Townsend, J., specially concurring).

This harsh and illogical rule is a trap for the unwary. A litigant should be able to pick up the Code and figure out how to proceed. Either our Supreme Court should abolish the rule permitting dismissal if a petitioner does not meet this extra-statutory requirement or our General Assembly should amend the statute.

But those are not jobs for this court. So I concur dubitante.