## DAVIS v. RHODES.    RHODES v. DAVIS.

1. When a judgment was entered against a garnishee in a justice's court, for failing after due service to answer at the term to which the summons of garnishment was returnable, such judgment, if rendered after the entering of a judgment against the principal debtor, was conclusive and binding upon the garnishee, and he could not defeat the same by entering an appeal to a jury in the justice's court, and then filing an answer to the garnishment, denying indebtedness.

2. Notwithstanding this, the garnishee had a technical legal right to enter such an appeal, and the magistrate had no authority to dismiss it because, in his judgment, it was without merit.

3. On certiorari from the judgment of a justice of the peace, dismissing such an appeal, the superior court did not err either in sustaining the certiorari, or in directing that the case be remanded to the magistrate's court with instructions that the jury return a verdict in favor of the plaintiff.

4. Any party dissatisfied with an answer to a writ of certiorari must in due time either file exceptions thereto, or traverse the same, and, failing to do either, is bound by the recitals of fact in such answer contained.

5. While the statute forbids that the answer to a writ of certiorari shall be written or dictated by either of the parties, or their attorneys, or any other person interested in the case, a magistrate may, if he sees proper, without suggestion from party, counsel, or other interested person, adopt as his answer the recitals of fact contained in the petition for certiorari.

Argued October 5, — Decided October 30, 1900.

Certiorari. Before Judge Henry. Floyd superior court. March term, 1900.

*M. B. Eubanks*, for Davis.
*George A. H. Harris & Son*, for Rhodes.

LEWIS, J.  On September 30, 1899, Rhodes brought an action in a justice's court against one Goin, and caused process of garnishment based thereon to be served on Davis, requiring him to make answer to the summons at the November term of the court, to wit, on November 2, 1899. On that day judgment was entered up against the defendant Goin, and the garnishee, Davis, having failed to answer the summons of garnishment, the court also entered up judgment against him for the full amount of the judgment against the defendant. Within four days from the rendition of that judgment, the garnishee appealed the garnishment case to a jury in the justice's court, and, at the December term following, answered the summons of garnishment, denying any indebtedness to defendant. At that term of the court counsel for plaintiff moved to dismiss the

appeal of the garnishee, and after hearing argument the court passed the following order: "It appearing to the court that judgment has been rendered on November 2, 1899, at the November term of this court, in favor of plaintiff against the garnishee, by reason of his failure to answer summons of garnishment served upon him, and that no answer was filed till the present term of the court, on motion of plaintiff the appeal of Davis is dismissed, court declining to allow the case submitted to a jury upon the ground that there is nothing for their consideration, and judgment is rendered against garnishee for costs of this proceeding." The garnishee, being dissatisfied with this judgment, filed a petition for certiorari to the superior court of Floyd county, and assigned error thereon upon the grounds, among others, that the same was contrary to law; and that the justice of the peace, whose judgment had been appealed from, had no right to dismiss an appeal. Upon hearing the petition for certiorari and answer thereto, the judge of the superior court passed the following order: "Whereupon it is ordered and adjudged by the court that the certiorari be sustained, and that the judgment of the justice's court dismissing the appeal of the garnishee be set aside, and that the case be sent back to the justice's court, with direction that upon the appeal it be submitted to a jury in said court, which is directed to find a verdict for plaintiff against the garnishee, for the amount of the judgment rendered in said court in favor of the plaintiff against the defendant." The court further ordered that the plaintiff in certiorari recover of the defendant in certiorari the costs of the certiorari. To this judgment of the court the plaintiff in certiorari, Davis, excepts, and in his bill of exceptions assigns error thereon, for the reasons, among others, as follows: There is nothing in the record that would justify such intructions; there was no complaint that the answer was not filed in time, and no motion had been made to strike the answer, and none can be made after the first term; the only error alleged was as to the justice striking the appeal, and the court should have passed on that question alone; the garnishee had a right to answer at any time before final judgment had been rendered against him, and the appeal prevented the judgment from being final.

It appears from the record that when the case was called for trial Rhodes made a motion to dismiss the certiorari upon several grounds, which we deem it unnecessary here to set out in full, but, in the opin-

ion following, will deal with such of them as require discussion. The defendant in certiorari, Rhodes, being also dissatisfied with the judgment, filed his cross-bill of exceptions, and therein assigns error upon the refusal of the judge to sustain his motion to dismiss the certiorari.

1. There is no contention upon the part of Davis, the garnishee, that he was not duly served with a summons of garnishment in the suit pending in the justice's court at the instance of Rhodes, the plaintiff, against Goin, the defendant; nor does he deny that he failed to answer at the term of the court to which the summons was made returnable. The record discloses that the judgment against the garnishee was rendered after the entering up of judgment against the defendant. But it was contended by the garnishee that he had a right to answer at any time before final judgment had been rendered against him, and his appeal to the jury prevented the judgment from being final. It is true the garnishee did make answer to the summons, denying indebtedness to the defendant, after the rendition of the judgment against him, and at the term of the court at which his appeal to the jury would have been tried. But under the express terms of Civil Code, § 4153, it was the duty of the garnishee to answer at the term to which the garnishment was made returnable, and his failure so to do rendered the judgment against him conclusive and binding. As was decided by this court in *Jarrell* v. *Guann,* 105 *Ga.* 139, " A person summoned as garnishee in a justice's court must answer at the term to which the summons is returnable, . . and upon failure so to do, judgment may be rendered against him at the first term for the amount for which judgment may have been obtained against the principal debtor." Mr. Justice Cobb, who delivered the opinion in that case, after quoting the section of the code above cited, says: " It is therefore seen that, under the very terms of the statute, after judgment has been obtained against the principal debtor, the justice of the peace has not only the right, but it is his duty, to enter a judgment by default against a garnishee who fails to answer at the term to which the summons is returnable." The statute requiring the garnishee to answer at the term to which the summons is returnable is obligatory, and he can not defeat the same by entering an appeal to a jury in the justice's court, and then filing an answer to the garnishment, denying indebtedness to the defendant.

2, 3. The magistrate in the present case, upon motion of plaintiff's counsel, dismissed the appeal of the garnishee, assigning as his reason therefor that the same was without merit, and that there was nothing which should be submitted for consideration by the jury. The plaintiff in certiorari, in his petition, assigns error upon this judgment, alleging that the magistrate had no right to dismiss an appeal. This exception, we think, was well taken. Notwithstanding the fact that the judgment rendered against the garnishee for his failure to answer the summons at the proper time was conclusive and binding upon him, he had, under the statute, a technical legal right to enter such an appeal. Under Civil Code, § 4140, "in any civil case in a justice's court, either party dissatisfied with the judgment of the justice may, as of right, enter an appeal to a jury in said court." It was decided by this court in *Bates* v. *Messer*, 76 *Ga.* 696, that the right of appeal from the judgment of a justice to a jury in that court exists in *all* civil cases, whether such judgment was rendered upon questions of law or of fact, or upon a combination of both. *Merry* v. *Wilds*, 100 *Ga.* 425. It is true that the appeal of the garnishee in the present case could result in absolutely no benefit to him; yet, if he elected to avail himself of this strict statutory right, he necessarily made himself amenable to that provision of the statute contained in Civil Code, § 4473, which, upon conditions therein enumerated, imposes upon an appellant damages for making an appeal which was frivolous and intended for delay. It follows, therefore, that the judge of the superior court did not err, either in sustaining the certiorari, or in directing that the case be remanded to the magistrate's court with instructions that the jury render a verdict in favor of the plaintiff.

4. It was urged by Rhodes in his cross-bill of exceptions that the answer of the magistrate to the petition for certiorari was not sufficiently distinct and full to authorize the court to pass upon the case on its merits. It appears from the record that the magistrate adopted the recitals of fact contained in the petition for certiorari as his answer thereto. If the defendant in certiorari was dissatisfied with the answer of the magistrate, it was his duty either to have duly filed exceptions thereto, as provided by Civil Code, § 4647, or to have traversed the same under the provisions of Civil Code, § 4651. He could have made objection to the answer in either way, that is to say, by traversing the same, or duly filing exceptions

thereto; and having failed so to do, he became bound by the recitals of fact therein contained.

5. It was further contended in the cross-bill of exceptions that the judge should have dismissed the certiorari, upon motion of defendant therein, on the ground that the magistrate adopted as his answer the recitals of fact contained in the petition for certiorari. It was insisted that this could not be done, as the law requires the magistrate to answer the writ, and for him to so adopt the petition for certiorari as his answer would defeat the policy of the law. We think there is absolutely no merit in this exception. While Civil Code, § 4648, provides that the answer shall not be written or dictated by either of the parties, or their attorneys, or any other person interested in the cause, we do not see why a magistrate may not, if he sees proper, without any suggestion from party, attorney, or other interested person, adopt as his answer the recitals of fact contained in the petition for certiorari. The purpose of this statute is that the answer of the magistrate shall contain a full, true, and unbiased statement of the proceedings in the trial of the cause before him; and to that end it is provided that the preparation of the answer shall not be made by a person interested. But when the magistrate finds that the petition for certiorari truly, fully, accurately, and impartially sets out such proceedings, and, without the suggestion or intervention of any interested person, desires to adopt such recitals as his answer, it would seem useless to impose upon him the duty of making further answer, which, at most, could only be a repetition of the facts set out in the petition.

*Judgments affirmed. All concurring, except Little, J., absent.*