## WESTERN UNION TELEGRAPH COMPANY *v.* RYAN.

Совв, P. J.   1. Where one makes an assignment of his entire salary, earned and to be earned, for a named period, in a given employment in which he is engaged, it is not necessary for the assignee thereof to go into a

court of equity in order to recover the amount of such salary, for such period, from the assignor's employer. Resort to a court of equity is only necessary when the assignment is of a part, instead of the whole of the salary. *First National Bank* v. *Hartman Steel Co.*, 87 *Ga.* 435; *Walton* v. *Horkan*, 112 *Ga.* 814; *Rivers* v. *Wright*, 117 *Ga.* 81. The assignment involved in this case was executed prior to the act of August 15, 1904. Acts 1904, p. 79.

2. Where an allegation of fact upon which an assignment of error in a petition for certiorari is based is not verified by the answer to the writ, such assignment of error can not be considered by the reviewing court.

3. Even if an assignment of the character indicated in the first headnote was made as part of a contract for a usurious loan of money and as security for such loan, and was therefore void, the right to set up the usury and have the assignment declared void would rest only with the assignor, his personal representatives and privies; and the person owing the salary assigned, when sued therefor by the assignee, could not do so. *Zellner* v. *Mobley*, 84 *Ga.* 746; *Scott* v. *Williams*, 100 *Ga.* 540. Especially is this true when the assignor was made a party defendant to such suit and duly served as such, and took no steps to have the assignment declared void. See *Gilmore* v. *Bangs*, 55 *Ga.* 403, 405.

4. Even if it were shown, in such a suit, that the assignment was made for the purpose above indicated, evidence offered by the employer of the assignor merely for the purpose of showing that he had been notified by the assignor that he had been discharged in bankruptcy from the debt which the assignment was made to secure would be inadmissible.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Lumpkin, J., disqualified.*

Submitted March 3,—Decided August 9, 1906.

Certiorari.   Before Judge Lumpkin.   Fulton superior court. March 15, 1905.

*Dorsey, Brewster, Howell & McDaniel* and *Jackson & Orme,* for plaintiff in error. *R. B. Blackburn,* contra.