## 17721.  ANDERSON v. TROWBRIDGE HARDWARE COMPANY.

Where in a justice's court the answer to a summons of garnishment duly served was construed by the trial justice as a nullity, and thereupon judgment was entered against the garnishee as in default, and no appropriate remedy was sought to reverse or set aside that judgment, affidavit of illegality did not lie to an execution issued thereon.

DECIDED MAY 11, 1927.

Certiorari; from Richmond superior court—Judge A. L. Franklin.  October 13, 1926.

*Paul T. Chance,* for plaintiff.  *B. B. McCowen,* for defendant.

JENKINS, P. J.  Anderson sued Toole in a justice's court and garnisheed Trowbridge Hardware Company, which company as garnishee was regularly served.  The garnishee sought to make answer of no indebtedness at the term to which the summons of garnishment was returnable, which answer, on the trial of the case, was construed by the justice as being a nullity and of no effect.  Whereupon judgment by default was rendered in favor of the plaintiff against the garnishee in the amount of the judgment which had been rendered against the principal defendant.  In an affidavit of illegality interposed to a levy made upon the execution issued upon the default judgment rendered against it, the garnishee set up that it had filed a valid answer of no indebtedness to the summons of garnishment, to which no traverse had been made.  Upon the hearing of the issue made by the affidavit of illegality, the garnishee offered then and there to amend its answer which had been filed in the garnishment proceeding, so as to cure any alleged defect therein; and the proffered amendment was disallowed by the justice, who then proceeded to dismiss the affidavit of illegality.  Whereupon by certiorari the case was brought to the superior court, and the judge sustained the certiorari and entered up judgment in favor of the garnishee for costs.  To this judgment exception is taken.

A defendant against whom a judgment has been rendered after he has been duly served has had, in legal contemplation, his day in court, and can not go behind the judgment by an affidavit of illegality.  Such a remedy can not be used as a substitute for

Executions, 23 C. J. p. 548, n. 74, 75, 76.
Justices of the Peace, 35 C. J. p. 609, n. 21 New.

certiorari or other appellate procedure in order to correct mere errors of law which might have taken place on the trial. *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co., 15 Ga. App. 174 (82 S. E. 774)*; *Arnold-Forrest Co.* v. *Fleeman, 9 Ga. App. 483 (71 S. E. 766).* Accordingly, the garnishee in this case is bound by the action of the justice in construing its answer as a nullity and in entering up judgment against it as in default, whether such action by the justice was in fact erroneous or not. *Davis* v. *Rhodes, 112 Ga. 106 (37 S. E. 169).*

*Judgment reversed. Stephens and Bell, JJ., concur.*