## 51539. HERAULT v. DEPARTMENT OF HUMAN RESOURCES et al.

Deen, Presiding Judge.

1. From our original Code of 1863 until 1961 the Code provision now numbered § 19-301 specified the date on which an answer to a writ of certiorari should be filed and contained the language: "and [it] shall reply specifically to the allegations of the petition." Ga. L. 1961, pp. 190, 191, struck this language. It further provided for service and specified that failure to perfect service shall not affect the validity of the proceedings. It is interesting to note that the preamble to the law specifies among other things that Code § 19-301 is amended "so as to redefine the procedure and time for filing thereto." We are called upon

to decide the validity of the "answer" to a writ of certiorari from the State Personnel Board to the Superior Court of Fulton County where the certiorari was overruled (but not dismissed) and the decision of the board was affirmed on its merits.

In reply to the petition for certiorari, which contended only that there was no substantial evidence to support the decision of the board, a complete copy of the record, including all papers on file with the board and a lengthy transcript of the evidence on the hearing, was filed by the board in the office of the clerk of the superior court certified by the director as a true record prepared and submitted pursuant to the direction of the writ of certiorari. This referred to the sanction of the superior court judge ordering the board "to send up to the superior court of Fulton County, Georgia, under your hands and seal all the facts and proceedings in this case . . . Let your answer be filed in the office of said clerk within 30 days."

The delivery of the certified record in the case is a full compliance with the court order. The appellant, however, contends that it is not an "answer," relying on such pre-1961 cases as *Southern R. Co. v. Leggett & Co.,* 117 Ga. 31 (2) (43 SE 421) holding that a certificate that true copies of all proceedings had been sent up is not a verification of the correctness of statements made in the petition and therefore not an answer, and cases such as *Allen v. McGuire,* 49 Ga. App. 60 (174 SE 147) holding that where no answer is filed the certiorari should be dismissed.

The general rule, as stated in 14 CJS 249, Certiorari, § 114, is as follows: "The return, sometimes called an answer, is a formal transcript of the record, or so much of it as the writ requires, and a statement, where proper or necessary, of relative matters not appearing in the record. It is the only proper pleading of respondent to the writ, and even though called an answer is not to be confused with an answer as in pleading. . . Occasionally, the return is called the answer, as is the case in Georgia under the statute there in force, but in the sense in which the term is used in pleading, no answer is made in proceedings by certiorari, but the hearing is had on the writ and the return as previously defined, the return constituting both

answer and evidence." This was not entirely true of Georgia prior to 1961. The amendment, however, striking the language "shall reply specifically to the allegations of the petition" renders the above a proper statement of the present law. The return or answer must constitute a verification or denial, from the record or otherwise, of material assertions in the petition. The sufficiency of an answer is to be determined by whether it sufficiently verifies the factual situation upon which the alleged errors are predicated. *Western Union Tel. Co. v. Ryan,* 126 Ga. 191 (2) (55 SE 21). For example, if the petition for certiorari contends that certain objections were made over which evidence was erroneously admitted, does the return as filed by the inferior judicatory support this statement? If not, the error cannot be considered on appeal. In the present case, however, the whole record is before us, and the only ground of error urged is that the evidence is insufficient to support the decision, review of which is sought. The answer is therefore sufficient.

2. The appellant, formerly employed by the State Department of Human Resources as Director of the Coweta County Family Services Department, was discharged on August 31, 1973. Under Code § 40-2205 the State Personnel Board is authorized to hold hearings and make decisions regarding personnel matters. Code § 40-2207 provides for dismissal only for good cause as specified in the rules and regulations of the State Merit System. The rules and regulations are not attacked. The employee's hearing was based on nineteen specifications of cause for dismissal, including conduct reflecting discredit on the department, absenteeism, impermissible political activity, and mistreatment of lower echelon workers. Numerous employees in the department testified, as did the appellant. We have carefully read the entire record and are satisfied both that most of the charges were supported by competent evidence, and that the charges made justified the dismissal of the employee.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED JANUARY 14, 1976 — DECIDED JANUARY 30, 1976.

Administrative appeal. Fulton Superior Court. Before Judge Tanksley.

*G. Hughel Harrison, Thomas J. Anderson,* for appellant.

*D. Daniel Kleckley, Arthur K. Bolton, Attorney General,* for appellees.