31830. WILLIAMSON v. CITY OF TALLAPOOSA.

NICHOLS, Chief Justice.

Williamson was convicted in the Recorder's Court of the City of Tallapoosa for public drunkenness and disorderly conduct and sentenced to 60 days in jail. He petitioned the Superior Court of Haralson County for a writ of certiorari, alleging that the evidence was insufficient to sustain the conviction, that he had been denied his right to counsel; that the ordinance setting up the offense was unconstitutionally vague; and that the recorder's relationship to the city attorney denied him an impartial tribunal. The recorder filed an answer pursuant to Code § 19-302 admitting the conviction and sentence and that he was the city attorney's father, but otherwise

denying the essential allegations and facts asserted in the petition. The answer did not contain any recitals of fact or record as to what actually transpired during the proceedings. Williamson did not file exceptions or a traverse to this answer within the 15-day period allowed by Code § 19-302, nor did he offer any proof of the ordinance attacked. The superior court granted the city's motion to dismiss the petition on the ground that the answer, being untraversed, was conclusive as to the facts. The Court of Appeals affirmed, and this court granted certiorari.

Code § 19-302 does not require the judicial officer's answer to be traversed. It merely sets out the procedure under which the answer *may* be traversed. If no traverse is filed, then the answer becomes conclusive as to the recitals of fact contained therein, and it becomes the record on which the superior court is authorized to make a ruling on the merits of the petition. See *Davis v. Rhodes,* 112 Ga. 106 (4) (37 SE 169) (1900). The judicial officer's recitals of fact may take the form of a certified transcript of the proceedings. See *Herault v. Department of Human Resources,* 137 Ga. App. 446 (1) (224 SE2d 480) (1976). Or, the respondent's answer may simply adopt the recitals of fact contained in the petition, in which case the defendant in certiorari is free to file a traverse to contest those facts. See *Davis v. Rhodes,* supra. However, where the answer merely denies the allegations of the petition and offers no substitute recitals of fact, then there is nothing to traverse. See *West v. State,* 103 Ga. App. 71 (1) (118 SE2d 491) (1961). In that event, the factual situation upon which the alleged errors are predicated remains unverified, and the answer is insufficient. See *Herault v. Department of Human Resources,* supra, citing *Western Union Tel. Co. v. Ryan,* 126 Ga. 191 (2) (55 SE 21) (1906).

Where, as in this case, the answer is insufficient, the petitioner may file exceptions so as to require the judicial officer to perfect it by coming forth with his own recitals of fact. Code § 19-302. If he disagrees with the facts as set forth in the perfected answer, he may then file a traverse. Code § 19-302. Under former law, prior to 1961, exceptions were mandatory in such a situation. An insufficient answer not excepted to always subjected the

petition to dismissal, there being no verified record for the superior court to pass on. See *Shirling v. Kennon,* 119 Ga. 501 (2) (46 SE 630) (1903); *Akers v. J. M. High Co.,* 122 Ga. 279 (1) (50 SE 105) (1904); *Pitts v. Simpson Grocery Co.,* 15 Ga. App. 617 (1) (83 SE 1102) (1914).

In 1961, however, the legislature, announcing an intention to "simplify" the procedure in certiorari proceedings, amended several sections of Title 19. Ga. L. 1961, pp. 190-193. The old section 19-302, providing for mandatory exceptions, was changed to provide that the "petitioner or defendant *may* traverse or except to the answer of the respondent . . ." The requirements in the old section 19-403 that the traverse be verified and that the factual issues raised by the traverse always be tried by a jury were eliminated.

It is clear that these amendments did away with the basis for the old rule that an insufficient answer must always be excepted to. The answer, of course, remains conclusive as to any recitals of fact contained therein which are not traversed. Also, some form of an answer must still be filed before the merits of the petition may be reviewed. See *Maddox v. City of Newnan,* 118 Ga. App. 347 (163 SE2d 756) (1968). However, where facts sufficient to establish error are alleged in the petition and the inferior court files an answer merely denying these allegations, the issues are sufficiently developed for superior court review and an exception and subsequent traverse to the answer are no longer necessary. To hold otherwise would be to defeat the announced intention of the General Assembly in enacting the 1961 amendments.

Williamson's petition for certiorari indicates that he was not advised of his right to counsel, that he was without funds to retain counsel, and that he did not intelligently waive counsel. Assuming, but not deciding, that these allegations are true, then in view of the fact that he was sentenced to 60 days imprisonment, he did have a constitutionally protected right to appointed counsel which was violated. "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, 407 U. S. 25, 37 (92 SC 2006, 32

LE2d 530) (1971). See *Johnston v. State,* 236 Ga. 370 (223 SE2d 808) (1976). Therefore, the petitioner was entitled to review of the merits of his allegations as to this issue, and the trial court erred in dismissing his petition.

No other error was properly raised for review in the superior court. Neither the fact that the recorder is the city attorney's father nor that they practice law together would necessarily prevent him from being impartial. The allegations that the ordinance under which Williamson was convicted was unconstitutional, and that the evidence did not authorize a conviction under the ordinance could not be reviewed since the language of the ordinance was not contained in the petition or otherwise placed in the record. A superior court cannot take judicial notice of the provisions of an ordinance. *Hill v. City of Atlanta,* 125 Ga. 697 (54 SE 354) (1906); *Ayers v. City of Atlanta,* 236 Ga. 543 (224 SE2d 392) (1976).

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED FEBRUARY 15, 1977 — DECIDED MARCH 10, 1977.

*Millard C. Farmer, Jr.,* for appellant.
*Howe & Sutton, Don B. Howe, Jr.,* for appellee.