## 58552. BEMBRY v. JOHNSON.

SHULMAN, Judge.

Defendant was convicted in the Recorder's Court of DeKalb County for violation of a county zoning ordinance. He petitioned the superior court for a writ of certiorari, alleging error solely on the denial of his motion to dismiss, which motion was based on appellant's contention that the DeKalb County Zoning Ordinance, the alleged violation of which formed the basis of his conviction, unconstitutionally sanctioned selective enforcement in violation of defendant's constitutional rights to equal

protection and due process. Defendant appeals from the denial of his petition. We affirm.

The recorder filed an answer, pursuant to Code Ann. § 19-302, admitting the conviction and sentence of appellant, but asserting that appellant did not raise the issue of the constitutionality of the zoning ordinance at the hearing and that he failed to present any evidence or make any argument relating to the alleged "selective enforcement" of the ordinance.

Defendant did not traverse the court's answer. Although Code Ann. § 19-302 does not require the judicial officer's answer to be traversed, "[i]f no traverse is filed, then the answer becomes conclusive as to the recitals of fact contained therein, and it becomes the record on which the superior court is authorized to make a ruling on the merits of the petition." *Williamson v. City of Tallapoosa,* 238 Ga. 522, 523 (233 SE2d 777).

Thus, if the petition for certiorari contends that certain objections were made, which objections were overruled, the question then becomes: "[D]oes the return as filed by the inferior judicatory support the statement? If not, the error cannot be considered on appeal." *Herault v. Dept. of Human Resources,* 137 Ga. App. 446 (1), 448 (224 SE2d 480).

That being so, the defendant's failure to traverse the judicial officer's answer renders such answer conclusive. Since defendant failed to raise the constitutionality of the ordinance at trial, he is precluded from doing so on appeal. See *Western Union Tel. Co. v. Ryan,* 126 Ga. 191 (2) (55 SE 21); but see *Barnes v. State,* 244 Ga. 302, which, in a criminal case, would allow consideration of constitutional issues not raised at trial if, in the discretion of the court it is in the interest of judicial economy to do so.

Even assuming, however, that the judicial officer's answer was insufficient (see in this regard *Williamson,* supra) so that it was not necessary for defendant to file a traverse, the alleged error was still not properly raised for review in the trial court. The defendant's alleged constitutional challenge to the zoning ordinance "could not be reviewed since the language of the ordinance was not contained in the petition or otherwise placed in the record. A superior court cannot take judicial

notice of the provisions of an ordinance." *Williamson,* supra, p. 525.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 19, 1979.

Joe Bembry, *pro se.*

George P. Dillard, William F. Rucker, for appellee.