## 64130. WILLIS v. JACKSON et al.

BIRDSONG, Judge.

This appeal comes to us from the superior court's dismissal of appellant Willis' petition for writ of certiorari. Appellant was terminated from employment with the City of Atlanta after nineteen years' service, on the expressed basis that he had been arrested and charged with possession of drugs with intent to distribute. At the termination hearing by the Atlanta Civil Service Board, appellant's attorney showed that all criminal charges against appellant had been dismissed by the Fulton District Attorney, and contended that under Section 18 of the City Code, appellant should not be terminated but that the proper procedure was suspension pending final adjudication of the criminal charges. Appellant also contended then and on certiorari that the evidence against him at the hearing was all hearsay and insufficient to find any unlawful activity.

Appellant sought certiorari on the grounds that Chapter 18, Section 4 (19) of the Atlanta City Code provides: "An arrest for a felony . . . shall constitute the basis for immediate suspension without pay until a final adjudication of such charges," and that the only reason given for his termination was the felony charge; and that since this charge had been officially dismissed, his termination was not warranted but that under Chapter 18, Section 4 (19) he should have been merely suspended. Appellant also complained of the hearsay and insufficient evidence. Respondents answered appellant's petition merely denying the material allegations and stating that "the Code provision cited speaks for itself"; and attached the certified minutes of the board hearing. These minutes recite that appellant was "dismissed in accordance with Chapter 18, Section 2 (3) (b) of the city code."

Appellant in a much subsequent amendment to his petition showed that Chapter 18, Section 2 (3) (b) of the Atlanta City Code provides: "An employee may be suspended without pay because of criminal charges pending against an employee in any court . . . until final adjudication of such charges . . . Back pay shall be awarded to an employee who has been suspended because of such charges . . . if the

final disposition acquits the employee of wrongdoing."

Shortly thereafter the trial court, at respondents' urging, dismissed appellant's petition for certiorari for these reasons: Since appellant did not file timely exceptions to respondents' answer (Code Ann. § 19-302), "the recitals of fact contained in the Answer are conclusive and provide the record upon which the court considers the merits, *Williamson v. City of Tallapoosa,* 238 Ga. 522 [233 SE2d 777]; *Bembry v. Johnson,* 152 Ga. App. 422 [263 SE2d 229].

"Plaintiff filed an amended petition on August 18, 1981. Respondents have filed no Answer and therefore have not put before the court any additional facts beyond those in the Answer and original petition.

"The petition alleges that the petitioner was dismissed pursuant to Chapter 18, section 4 (19), that such dismissal was not warranted by this section, and that the section requires his reinstatement. The ATLANTA CIVIL SERVICE BOARD denies petitioners [sic] contentions and by the Minutes of the BOARD's hearing, attached to the Response, shows that petitioner was dismissed under Chapter 18, section 2 (3) (b).

"The court finds nothing in section 4 (19) requiring the relief sought by petitioner. The Response indicates plaintiff was dismissed pursuant to section 2 (3) (b), but that ordinance is not before the court as it is not in the Petition, Response, or attached to either. The court may not take judicial notice of the city code. *Williamson v. City of Tallapoosa,* [supra]. Therefore the legality of dismissal under this section may not be reviewed. . . .

"THEREFORE, the court hereby . . . dismisses the Petition for Writ of Certiorari on the grounds expressed herein." *Held:*

1. It is clear that the appellant in his petition for certiorari showed that Chapter 18, Section 4 (19) mandates "an arrest for a felony . . . *shall* constitute the basis for immediate suspension without pay until a final adjudication of such charges." (Emphasis supplied.) The respondents merely answered that the code section "speaks for itself." The respondents in their answer admitted appellant's assertion that he was terminated because of the felony charge. They did not propose that any other city code section authorized them to terminate the appellant notwithstanding the clear language of Chapter 18, Section 4 (19). They did answer that he was terminated under Chapter 18, Section 2 (3) (b), but did not show what this statute contains, (perhaps because it seems to support the appellant's contention that he should have been merely suspended pending adjudication and reinstated with back pay if "acquitted" of wrongdoing.) The appellant's petition thus raised issuable contentions which the respondents did not deny. *Williamson,* supra,

held that "where facts sufficient to establish error are alleged in the petition and the inferior court files an answer merely denying these allegations, the issues are sufficiently developed for superior court review and an exception and subsequent traverse . . . are no longer necessary."

In short, the issue was raised in this case by the appellant's petition and never denied by the respondents' and it was error to dismiss the certiorari.

2. If, notwithstanding what we just held, the appellant had not established his issue, he did so when he filed his amendment reciting and claiming under Atlanta City Code Chapter 18, Section 2 (3) (b). (We take no notice of respondents' claim in brief that they received no service of the amendment, for they made no formal claim of lack of service, the trial court did not strike the amendment, and respondents had notice of it and cannot show prejudice; nor does the code require service of the amendment. See *Davey v. City of Atlanta,* 130 Ga. App. 687 (2) (204 SE2d 322)). The trial court erred in dismissing appellant's certiorari on the basis in part that "*respondents* have filed no answer [to the amendment] and therefore have not put before the court any additional facts beyond those in the answer and the original petition." (Emphasis supplied.) The fact is that the respondents themselves put Chapter 18, Section 2 (3) (b) before the court in the minutes attached to their original answer, citing it as the basis for appellant's termination but not reciting it. Appellant's amendment supplied what respondents had not, thus perfecting the respondents' answer. See *Davey v. City of Atlanta,* supra. The city code section was properly a part of the record; the trial court erred in ruling that it was not.

3. Appellant contends the trial court erred in denying his motion to compel complete verbatim transcript of the January, 1980 hearing before the Atlanta Civil Service Board. Appellant also moved for, was granted, and then denied, production of the tape records of the board proceedings. It may be that under the rules of the board the appellant is not entitled to have a verbatim transcript except at his own expense, but the respondents effectively stonewalled his request for tape recordings by contending that since appellant had not timely traversed respondents' answer, the answer was conclusive and the record was complete, and the tape records could add nothing thereto.

This argument is specious as we held in Division 1. Indeed, if it had had any merit, respondents should have immediately moved to dismiss the certiorari, instead of jousting over superfluous matters like discovery for fifteen months more. Code Ann. § 19-203 provides that the writ of certiorari directed to the inferior tribunal requires that tribunal "to certify and send up *all the proceedings in said cause*

to the superior court." (Emphasis supplied.)

4. Since this case is reversed and remanded with direction to compel production of the proceedings below and to address the merits of the case, appellant may amend his petition to address any procedural, evidentiary or other errors in the board proceedings, and to place pertinent portions of the city code and civil service board rules before the trial court. Code Ann. § 19-403.

*Judgment reversed with direction. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1982.

*Charles A. Pemberton,* for appellant.
*Marva Jones Brooks, Alford J. Dempsey, Jr.,* for appellees.