## 66744. COX v. CITY OF LAWRENCEVILLE.

DEEN, Presiding Judge.

Appellant Cox was arrested for violating a Lawrenceville city ordinance which forbade disorderly conduct involving the use of "loud or boisterous language directed towards another so as to create a break [sic] of the peace potentially dangerous to the safety of persons or property." After a hearing before the Recorder's Court, at which appellant and arresting officers testified, appellant was found guilty and fined $75.00. He made timely application to the Superior Court of Gwinnett County for a writ of certiorari, asserting the general grounds, challenging the constitutionality of the ordinance on the grounds that it was vague and violated the first and fourteenth amendments to the Constitution of the United States and parallel provisions of the Constitution of Georgia, and alleging that the court below erred in denying both his motion to dismiss the charge and his motions for directed verdict and to reconsider.

The judge of the Recorder's Court filed an affidavit by way of answer to the petition for certiorari, averring that the relevant events were as outlined above; that he could not recall the details of the testimony presented by defendant and arresting officers; and that no questions of constitutionality were raised at the hearing. The appellant did not traverse the answer, and no transcript of the hearing was filed. The superior court denied the petition, finding that the petitioner had set forth no facts for the court's consideration in assessing whether the alleged errors had occurred. The court further found that, since petitioner had not raised the alleged constitutional errors below, they could not be considered by the superior court on certiorari.

On appeal, Cox enumerates as error the trial court's denial of his petition for certiorari and of his motion for rehearing. *Held:*

1. Scrutiny of the record reveals that appellant is incorrect in his assertion that the superior court, in denying the petition, held that under OCGA § 5-4-9 (Code Ann. § 19-302) a traverse to respondent's answer is mandatory. The court, following *Williamson v. City of Tallapoosa,* 238 Ga. 522 (233 SE2d 777) (1977), merely noted that although a traverse to an answer is now optional under OCGA § 5-4-9 (Code Ann. § 19-302), the recitals of fact contained in the answer are rendered conclusive when neither a traverse nor an exception is filed. See *Bembry v. Johnson,* 152 Ga. App. 422, 423 (263 SE2d 229) (1979). This being so, the court was entitled to rely upon the factual recitals of the answer as a part of the record, and to use them as a basis for his findings. *Id.; Williamson v. City of Tallapoosa,* supra at 523. Absent a showing to the contrary, the proceedings in the

trial court are presumed to have been conducted in a regular and legal manner. *Johnson v. Cleveland,* 131 Ga. App. 560 (206 SE2d 704) (1974). Appellant has made no such showing.

Moreover, appellant has provided this court with no transcript of any of the proceedings below. When no transcript is filed on appeal, this court must assume as a matter of law that the evidence adduced at trial supported the ruling of the court below. *Burgess v. Jones,* 158 Ga. App. 826 (282 SE2d 399) (1981); *Byrd v. Byrd,* 156 Ga. App. 655 (274 SE2d 167) (1980).

Appellant also raises alleged constitutional issues, asserting that the city ordinance was unconstitutionally vague, abrogates the guarantee of freedom of speech, and gave insufficient notice. The judge of the Recorder's Court affirmatively stated in his answer that these issues were not raised at the hearing. Since "[t]he answer . . . remains conclusive as to any recitals of fact contained therein which are not traversed," *Williamson,* supra at 524, we are precluded from consideration of these issues because they were not raised below. "This court has no original jurisdiction, and it cannot decide questions raised for the first time after the case has been appealed to it." *Kitchens v. State,* 228 Ga. 624, 625 (187 SE2d 268) (1972). "Grounds which may be considered on appeal are limited to those which were urged before the trial court." *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675) (1972).

Appellant's first enumeration is without merit.

2. For the reasons set forth in Division 1, supra, we hold that appellant's second enumeration is also without merit. The trial court did not err in denying appellant's motion for rehearing.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983.

*G. Hughel Harrison,* for appellant.
*Hill R. Jordan,* for appellee.