A06A1366. MONTEREY COMMUNITY COUNCIL et al.
v. DeKALB COUNTY PLANNING COMMISSION et al.
(637 SE2d 488)

RUFFIN, Chief Judge.

Legacy Investment Group, LLC ("Legacy") sought approval from the DeKalb County Planning Commission to develop a subdivision of 124 townhomes. The Monterey Community Council, Johnnie Fogle,

---

and Jamie White (collectively, "property owners") opposed the development, asserting that it violated several DeKalb County ordinances. Nonetheless, the Planning Commission approved the plan in February 2005.[1]

The property owners filed an action for declaratory judgment and injunctive relief in DeKalb County, seeking to clarify the validity of the plat approved by the Planning Commission. Specifically, the property owners contend that because the Planning Commission did not comply with relevant DeKalb County Ordinances ("DCOs") regarding the plat-approval process, its approval of the plat was void and ultra vires. In the alternative, the property owners filed a petition for certiorari, challenging the Planning Commission's approval of the plat. The crux of the property owners' complaint was that the Planning Commission's approval did not comport with applicable ordinances. The property owners filed an amended complaint thereafter, raising a constitutional challenge to the DCO that governs appeals from the Commission's decisions.

Legacy and DeKalb County moved to dismiss the property owners' claims in their entirety. The trial court granted the motions to dismiss, concluding that (1) the property owners' claim for declaratory judgment/injunctive relief should be dismissed because a writ of certiorari was the proper mechanism for relief pursuant to DCO § 14-95 (e); (2) the petition for a writ of certiorari should be dismissed because the property owners failed to file a properly executed certificate of payment of costs, as required by Georgia's certiorari statute;[2] (3) the property owners waived their constitutional challenge to the DCO by failing to raise it to the Commission; and (4) the constitutional challenge lacked substantive merit. Thereafter, the property owners filed an application for discretionary appeal, which we granted, and this appeal followed. For the reasons that follow, we reverse.

1. In their first enumeration of error, the property owners assert that the trial court erred in dismissing their claim for declaratory judgment because it concluded that the petition for certiorari was their exclusive remedy. Specifically, the property owners assert that "[t]he trial court committed reversible error in determining that a local ordinance, [DCO] § 14-95 (e), could lawfully expand the appellate jurisdiction of the superior court by making certiorari appeals available to non-parties."

OCGA § 5-4-3 provides, in part, that when

---

[1] According to the property owners, the Planning Commission initially required Legacy to revise its development plan, but Legacy did not do so. The plan was nonetheless approved during a Planning Commission meeting for which the property owners contend they had no notice.

[2] See OCGA § 5-4-5 (a).

either *party* in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case, the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried, in which petition he shall plainly and distinctly set forth the errors complained of.[3]

According to the trial court, DCO § 14-95 (e) expands the right to apply for and obtain a writ of certiorari from the denial or approval of any sketch plat to "any person or entity . . . aggrieved." However, we conclude that the ordinance was not properly before the superior court.

It is well settled that neither a superior court nor an appellate court can take judicial notice of a county ordinance.[4] County ordinances must be alleged and proved by production of the original or of a properly certified copy.[5] We find neither the original nor a certified copy of the relevant ordinance in the record, and none of the parties cites to such.[6] We have repeatedly held that "it is not our job to cull the record on behalf of a party."[7] The responsibility to locate and cite evidence in the record rests with counsel, not this Court.[8]

We have previously held that a superior court may consider the language of a rule or regulation that is contained in a petition and admitted as true by the opposing party.[9] Here, the property owners purport to set forth the language (or some portion thereof) of DCO § 14-95 (e) in their amended complaint. However, although DeKalb County admitted as true the language of the ordinance as set forth in the amended complaint, Legacy did not do so. Moreover, the language

---

[3] (Emphasis supplied.)

[4] See *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996); *Macon-Bibb County Planning & Zoning Comm. v. Bibb County School Dist.*, 222 Ga. App. 264, 266 (2) (474 SE2d 70) (1996).

[5] See *Flippen Alliance for Community Empowerment v. Brannan*, 267 Ga. App. 134, 136 (1) (601 SE2d 106) (2004).

[6] Legacy notes in its appellate brief that "Section 27-8-25 of the [DCO] . . . is not in the record and is not set forth in a pleading admitted by the county." The property owners do not dispute this assertion in their reply brief. Moreover, the property owners' notice of appeal directed the clerk of court to "omit nothing from the record on appeal." None of the parties applied to the trial court for correction of any omission pursuant to OCGA § 5-6-41 (f) and, therefore, we presume that the appellate record is both correct and complete. See *Daniel v. Leibolt*, 178 Ga. App. 186, 190 (342 SE2d 334) (1986).

[7] *Luong v. Tran*, 280 Ga. App. 15, 16 (1) (633 SE2d 797) (2006).

[8] *Premier/Ga. Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780 (1) (613 SE2d 112) (2005).

[9] See *City of Atlanta v. Whitten*, 144 Ga. App. 224-225 (1) (240 SE2d 771) (1977).

of DCO § 14-95 (e) set forth in the property owners' amended complaint differs from that set forth in Legacy's appellate brief, and from the superior court's summary of the ordinance.[10]

Because there is neither an original nor certified copy of the ordinance in the record, and the relevant language of the ordinance set forth in the amended petition appears to be incomplete, we conclude that the county ordinance at issue was not properly before the superior court.[11] Thus, the trial court erred by relying upon an ordinance not properly in the record to conclude that a writ of certiorari was an appropriate method of judicial review of the Planning Commission's actions.[12]

2. Given our holding in Division 1, we need not address the property owners' remaining enumerations of error.[13]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 13, 2006.

*Susan M. Garrett*, for appellants.

*Burroughs & Keene, Robert A. Burroughs, Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Melanie F. Wilson, Eugene C. Reed, Jr.*, for appellees.

---

[10] According to the property owners, § 14-95 (e)

provides that [a]ny person or entity (i.e., an owner, applicant, adjoining neighbor or a neighbor whose property line is within one thousand five hundred (1,500) feet of the nearest property line of the proposed subdivision) may appeal [a final decision on a sketch plat] by filing a petition for writ of certiorari to the Superior Court of DeKalb County.

In its appellate brief, Legacy asserts that § 14-95 (e) states that

[a]ny person or entity (i.e., an owner, applicant, adjoining neighbor or a neighbor whose property line is within fifteen hundred (1500) feet of the nearest property line of the proposed subdivision) *aggrieved by a denial or approval of the sketch plat*, may appeal by filing a timely petition for writ of certiorari to the Superior Court of DeKalb County.

In its order dismissing the property owners' claims, the superior court states that § 14-95 (e) "expands the right to apply for and obtain a writ of certiorari from the denial or approval of a sketch plat to 'any person or entity . . . *aggrieved*.' " (Emphasis supplied.)

[11] See *Flippen*, supra; *Whitten*, supra.

[12] See *Childers*, supra.

[13] The failure to properly place the ordinance in the record similarly precludes our review of the property owners' constitutional challenge to the ordinance. See *Williamson v. City of Tallapoosa*, 238 Ga. 522, 525 (233 SE2d 777) (1977) (refusing to review appellants' challenge to the constitutionality of city ordinance because "the language of the ordinance was not contained in the petition [for writ of certiorari to the superior court] or otherwise placed in the record"); *Bembry v. Johnson*, 152 Ga. App. 422, 423-424 (263 SE2d 229) (1979) ("The defendant's alleged constitutional challenge to the zoning ordinance 'could not be reviewed since the language of the ordinance was not contained in the petition or otherwise placed in the record. A superior court cannot take judicial notice of the provisions of an ordinance.' ").