**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A1981. MILANI v. IRWIN et al.

MILLER, Presiding Judge.

Kathleen Irwin and Benjamin Seibel ("the Petitioners"), owners of real property in the Echo Lake subdivision, alleged that fellow subdivision property owner, Fred Milani, illegally cut down a large number of trees in the subdivision. Milani seeks review of the superior court's order granting the Petitioners' combined motion to sustain the writ of certiorari. Milani argues that (1) the Petitioners' appeal to the DeKalb County Zoning Board ("the Board") was untimely; (2) the Petitioners lacked standing to appeal to the Board; (3) the Petitioners lacked standing to petition for writ of certiorari in the superior court for failure to meet the zoning ordinance requirements; (4) the Petitioners lacked standing to petition for writ of certiorari

because the Board's answer was not timely filed; and (5) the superior court erred by sustaining the petition for certiorari. For the reasons that follow, we affirm.

"The scope of review of the superior court is limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence. The substantial-evidence standard is effectively the same as the any-evidence standard." (Citations and punctuation omitted.) *City of Dunwoody v. Discovery Practice Mgmt.*, 338 Ga. App. 135, 138 (2) (789 SE2d 386) (2016). "In the appellate courts, the standard of review is whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court." (Citation and punctuation omitted.) *Jackson County v. Earth Resources, Inc.*, 280 Ga. 389, 391 (627 SE2d 569) (2006).

So viewed, the record shows that Milani, through his development company, acquired Lot 13 within the Echo Lake subdivision in an unincorporated portion of DeKalb County.[1] Kathleen Irwin and Benjamin Seibel (collectively, the "Petitioners") own parcels of real property within the same subdivision. In 2011, Milani obtained permits to demolish the then-existing structure on Lot 13 to build a much larger

---

[1] The Corrective Executor's Deed is what is included in the record on appeal.

2

residence. At the same time, Milani began clearing Lot 13, removing several trees within the footprint of the new construction.

In January 2012, Milani submitted plans to the County to build a new residence on Lot 13. Those plans showed approximately 80 trees on Lot 13 within the 75-foot County Buffer as of January 2012. In February 2012, the County gave "conditional" approval of a tree protection plan for construction of the new home, but that plan did not permit removal of any trees within the 75-foot County Buffer, as this would violate provisions of the DeKalb County Code.[2]

Between November 2012 and August 2015, Milani removed dozens of trees on Lot 13 from the flood plain and inner 50 feet of the County Buffer, in violation of DeKalb County Code §§ 14-44.1 (b) (1), 14.44.4 (d), and 14-39 (g) (10). Several of the trees were within the 25-foot State Buffer. Milani, however, did not obtain a stream buffer variance from the Georgia Environmental Protection Division ("EPD") until March 10, 2016.

---

[2] On March 8, 3012, the County granted Milani a ten-foot stream buffer variance, pursuant to Code § 14-44.1 (b) (6) (b), to encroach 10 feet into the outer portion of the County Buffer for "slope grading," but not within the remaining inner 65 feet of the County Buffer.

In April 2015, the County Planning Director, Andrew Baker, notified Milani that the tree removal from within the County Buffer was illegal. Baker also requested that Milani submit a "Tree Planting Plan" within 15 days to restore the County Buffer. In February 2016, the County served Milani with a citation for "failure to submit tree planting plan." Milani did not submit a tree planting plan until March 29, 2016.

In May 2016, Milani applied for a development permit to restore the County Buffer and construct an approximately 350-foot long gabion basket wall (the "seawall") on Lot 13 on Echo Lake's shoreline. The County initially denied Milani's application for a development permit on August 23, 2016, but it later deemed the application to be acceptable on October 13, 2016, and also concluded that Milani did not need a building permit for the seawall because retaining walls of no more than four feet in height were exempt from the County's permit ordinances.

On November 8, 2016, the Petitioners appealed Baker's decision to the Board, and the Board affirmed the decision with regards to both the tree replanting plan and the seawall. In denying the Petitioners' appeal, however, the Board mandated that Milani's construction of the seawall could not encroach upon the County 50-foot stream buffer.

4

On March 10, 2017, the Petitioners filed a verified petition for a writ of certiorari in superior court[3] against Baker, the Board, and DeKalb County (collectively, the "County Defendants"), challenging the sufficiency of the replanting plan and the Board's determination that the seawall did not require a building permit. On the same day, the superior court clerk ordered DeKalb County and the Board to send all of the documents that related to the petition within 30 days after the service of the writ.

The County Defendants subsequently filed a motion to dismiss the Petitioners' petition, arguing that the Petitioners failed to ensure that the Board's answer was timely filed with the clerk in accordance with OCGA § 5-4-7. The superior court denied the County Defendants' motion to dismiss the Petitioners' certiorari petition, concluding that the Petitioners acted with sufficient diligence in requesting the Board to file the answer, and the superior court granted the Petitioners' motion to perfect the Board's answer.

Meanwhile, in a separate action, Milani filed a petition for mandamus and declaratory relief against the Petitioners and the Board. After intervening in the

---

[3] The Petitioners also sought mandamus and declaratory relief but later abandoned those claims.

Petitioners' action, Milani petitioned for declaratory relief, arguing that the Board lacked jurisdiction over the Petitioner's appeal because it was untimely under DeKalb Code Section 27-7.5.2 (B), that the Petitioners did not have standing to appeal the Board's decision because they were not "aggrieved persons," and that the Board lacked authority to impose the condition that Milani could not encroach upon the County buffer.

Milani also intervened in the Petitioners' action and filed a motion to dismiss their petition, arguing that the Petitioners' appeal to the Board was untimely and that they did not have standing. The superior court entered an order denying Milani's motion to dismiss, ruling that the Petitioners had standing to appeal before the Board because the Petitioners had easement rights to use Echo Lake, which is adjacent to Milani's lot. The superior court also ruled that Petitioner Irwin, as a riparian owner directly across from Milani's lot, had a special interest in protecting the views and historic character of Echo Lake.

The superior court entered a final order granting the Petitioners' motion to sustain their writ of certiorari based on the determination that the Board erred in approving the disputed tree replanting plan under the applicable provisions of the DeKalb County code. The superior court further dismissed Milani's action,

6

concluding that the compromise condition placed by the Board on his construction of the seawall — that the construction not have the effect of eliminating the County Buffer — was lawful.[4] The superior court ordered the County Defendants and Milani to jointly submit a revised tree planting scheme in compliance with the Tree Protection Ordinance ("TPO") within 30 days of the order. Milani filed an application for discretionary appeal, and we granted the application.[5]

1. First, Milani argues that the Petitioners' appeal to the Board was untimely because the Petitioners did not file their application for appeal within 15 days of the Board's action. We disagree.[6]

---

[4] Milani does not challenge this ruling by the superior court in this appeal.

[5] The County Defendants also filed an application for discretionary review, but they did not file a notice of appeal. Therefore, they are not parties to this appeal.

[6] We disagree with the Petitioners' claim that this Court should decline to address this enumeration of error due to Milani's failure to file a certified copy of Section 277-5.2 in case No. 17-CV-3176. See *Monterey Community Council v. DeKalb County Planning Comm.*, 281 Ga. App. 873, 875 (1) (637 SE2d 488) (2006) ("County ordinances must be alleged and proved by production of the original or of a properly certified copy.") (citation omitted). Milani did file a certified copy of the ordinance in the related case, 17-CV-3115, and that case was also before the superior court below and ruled upon in the order at issue in this appeal. Accordingly, we will address this enumeration of error.

7

DeKalb County Code Section 27-7-5.2 (B) states that

[a]ppeals of decisions of administrative officials may be filed by (1) any person aggrieved by; (2) any elected member of the DeKalb County Governing Authority affected by; or (3) an owner of property within two hundred fifty (250) feet of the nearest property line of the property that is the subject of any final order, requirement, or decision of an administrative official, based on or made in the enforcement of this zoning ordinance, or as otherwise authorized by local law or the Code of DeKalb County as Revised 1988 by filing with the secretary of the zoning board of appeals an application for appeal, specifying the grounds thereof, within fifteen (15) days after the action was taken by the official that is the subject of the appeal.

Here, the record shows that Milani's development permit application was initially denied on August 23, 2016. Milani appealed the denial of his application on September 7, 2016. On October 13, 2016, the denial of Milani's application was revised to include certain concessions, which were the subject of the Petitioners' appeal. The revised denial also advised that a hearing would be held on the following day and that Baker intended to request a deferral to allow the parties additional time to review new information. At the hearing on the following day, Baker requested and was granted a 30-day deferral (until November 9, 2016) to review new information.

On November 8, 2016, the Petitioners filed their appeal to the Board. Baker finally disposed of Milani's appeal on November 9, 2016.

Accordingly, we conclude that Baker's revised denial of Milani's development permit application on October 13, 2016, was an inherently tentative and non-final decision such that the Petitioners would not have been required to file their application for appeal within 15 days of that decision.[7] See *Quarters Decatur, LLC v. City of Decatur*, 347 Ga. App. 723, 728 (3) (820 SE2d 741) (2018) (holding that the city's letter to the plaintiff was not a final decision for purposes of appealing to the zoning board where the letter indicated that further review of its decision was necessary). Therefore, Milani's claim that the Petitioners' appeal was untimely for failing to appeal within 15 days of the Board's October 13, 2016 decision fails.

2. Next, Milani argues that the Petitioners were not "aggrieved persons" and therefore could not appeal to the Board. We disagree.

As stated above, DeKalb County Code Section 27-7-5.2 provides that

---

[7] We note that the Board determined that the Petitioners' appeal was timely and that it would address the merits of the appeal. See *Clayton County Bd. of Ed. v. Burnedetta Wilmer*, 325 Ga. App. 637, 646 (1) (b) (753 SE2d 459) (2014) (holding that the state board was not deprived of jurisdiction over the teachers' appeal where the appeal was premature but the board did not move to dismiss the appeal on the basis of prematurity and insisted that it had jurisdiction to hear the merits of the appeal).

9

[a]ppeals of decisions of administrative officials may be filed by (1) any person aggrieved by; (2) any elected member of the DeKalb County Governing Authority affected by; or (3) an owner of property within two hundred fifty (250) feet of the nearest property line of the property that is the subject of any final order, requirement, or decision of an administrative official. . . .

Section 14-1 defines an "aggrieved person(s)" as "a person(s) whose property is the subject of the action appealed from or a person who has a substantial interest in the action appealed from that is in danger of suffering special damage or injury not common to all property owners similarly situated." The Supreme Court of Georgia has held that adjacency is not a requirement for standing. *Miller v. Fulton County*, 258 Ga. 882, 883 (2) (375 SE2d 864) (1989). Indeed, property owners "who will bear the brunt of the changed conditions" have been held to have a substantial interest in the action. *DeKalb County v. Wapensky*, 253 Ga. 47, 49 (1) (315 SE2d 873) (1984).

Here, Milani is correct that the Petitioners do not allege that they are elected officials for purposes of Section 27-7-5.2. Additionally, there is evidence in the record that neither Petitioner Irwin nor Petitioner Seibel owned property within 250 feet of Milani's lot. There is evidence in the record, however, to support the Board's

determination that the Petitioners satisfied the requirements of Section 27-7-5.2 to proceed with their appeal because Petitioner Irwin demonstrated that she is an "aggrieved person" under Section 27-7-5.2. Irwin's lot is situated directly across from Milani's lot and therefore suffers a "visual intrusion" of facing Milani's bare cut lot uncommon to the other residents in the subdivision. See cf. *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U. S. 669, 686-690 (93 Sct 2405, 37 LE2d 560) (1973) (stating that "[a]esthetic and environmental well-being, like economic well-being, are important ingredients of the quality of life in our society," and concluding that the plaintiffs had standing where they alleged aesthetic injuries). Thus, Irwin has demonstrated that she has a particular and individualized concrete injury uncommon to the other property owners in the subdivision such that she would be "aggrieved" by the Board's decision regarding Milani's tree planting plan. Accordingly, Milani's claim that the Petitioners lacked standing on this basis fails.[8]

---

[8] Because Irwin had standing to appeal to the Board, it is unnecessary to address whether Seibel had standing to appeal. See *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F3d 1250, 1258 (11th Cir. 2012) ("To hear the case, we must find that at least one plaintiff has standing to raise each claim.") (citation omitted). We also do not address the Petitioners' standing to challenge the portion of the Board's decision regarding the seawall because the Petitioners abandoned that claim below.

3. Milani further argues that the Petitioners lacked standing to petition for writ of certiorari to the superior court. For the reasons stated in Division 1, we reject this claim of error.

4. Next, Milani argues that the superior court erred by failing to dismiss the petition for writ of certiorari because the Board failed to file its answer within 30 days of service of the writ as required by OCGA § 5-4-7. We disagree.[9]

OCGA § 5-4-7 provides

> The answer to the writ of certiorari shall be filed in the clerk's office within 30 days after service thereof on the respondent unless further time is granted by the superior court. A copy of the answer shall be mailed or delivered to the petitioner by the respondent or by the clerk of the superior court. Failure to perfect service shall be grounds for continuance but shall not otherwise affect the validity of the proceedings.

Thus, under OCGA § 5-4-7, a trial court is vested with authority to grant an extension of time in which to file an answer. Id.

---

[9] We reject the Petitioners' claim that Milani failed to preserve this issue for appellate review. "We are aware of no law . . . holding that a party may not challenge on appeal a ruling of the trial court unless he can show that he, rather than some other party, provoked the ruling by affirmatively raising the issue in the trial court." *Sherman v. Dev. Auth. of Fulton County*, 320 Ga. App. 689, 695-696 (4) (740 SE2d 663) (2013).

Here, the Petitioners served the Board with the petition on March 14, 2017, and therefore the answer was due to be filed by April 13, 2017. Due to alleged technical difficulties with the electronic filing system, the Board was unable to file the answer by the April 13, 2017 deadline. The trial court subsequently entered an order permitting the Board to file its answer on May 9, 2017. Milani does not put forth any argument to show how the trial court was without authority to grant the extension of time for the Board to file its answer, or explain how the trial court abused its discretion in allowing the Board to file its answer outside of the 30-day period in OCGA § 5-4-7. Accordingly, the superior court did not err in allowing the Board to file its answer outside of the 30-day period contained in OCGA § 5-4-7.

5. Lastly, Milani argues that the superior court's decision sustaining the petition for certiorari is unsupported by the record. We disagree because the replanting plan approved by the Board did not comply with the DeKalb County Code.

Section 14-39 (p) (2) mandates that "[a]ny trees eight (8) inches (DBH) and over which have been removed in violation of this section *shall* be replaced by the violator with four-inch caliper replacement trees equal to the unit value of the trees removed." (Emphasis supplied). Here, Milani removed approximately 59 trees from his lot between 2012 and 2016. Approximately 34 of these trees were eight inches

13

DBH[10] or greater in size and were within the State and County Buffer. The tree replanting plan approved by the Board, however, consisted of replanting only 42 trees on Milani's lot, and out of these trees, approximately six trees are four-inch caliber or greater. Consequently, we conclude that the Board erred by approving Milani's tree replanting plan under Section 14-39 (p) (2). Although Milani references certain arguments made by Baker during a hearing in which Baker opined that he called for "more trees" to be replanted and that the tree planting plan was revised, Milani fails to cite to portions of the record demonstrating that the decision had been revised to comply with the DeKalb County Code. "The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation omitted.) *Guilford v. Marriott Intl., Inc.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009). Accordingly, because the Board's decision did not comply with the relevant county ordinance, the trial court did not err by sustaining the Petitioners' petition for writ of certiorari.

*Judgment affirmed. Rickman and Reese, JJ., concur.*

---

[10] DBH (diameter at breast height) "means the diameter of a tree trunk measured in inches at a height of four and one-half (4 ½) feet above the ground."